UNITED STATES of America

v.

Mary LOWERY.

Crim. No. 1105–65.

United States District Court
District of Columbia.
May 24, 1966.

BAZELON, Chief Circuit Judge.

The payment of compensation in the total amount of $902.50 which has been approved by the District Court is disapproved to the extent that it exceeds $500.

10. 49 U.S.C. § 5(2) (b).

11. Erie-Lackawanna R.R. v. United States, supra note 1, at p. 968 of 259 F.Supp.

The trial lasted from April 1, 1966, to April 6, 1966. The trial judge approved this allowance at the maximum amount of $15 per hour, for 27 hours spent in court, and at a maximum of $10 per hour for 44 hours spent out of court.

I cannot approve the allowance on this application of any amount beyond the limit of $500 set by the Congress for the remuneration of counsel as I do not believe that the extent and nature of the services rendered can be said to constitute "protracted representation" or "extraordinary circumstances." 18 U.S.C. § 3006A(d). At the same time I do not doubt that the services rendered to the client are fairly worth the total of $902.-50. While success in the ultimate outcome of the case is an important factor, it cannot be the governing consideration.

It seems clear, however, from the language of the statute and its legislative history that the Congress did not intend that the $500 limit was to apply in every case where the number of hours computed at the maximum rates permitted would give a total exceeding the sum of $500. The statute which reads as follows:

> "In extraordinary circumstances, payment in excess of the limits stated herein may be made if the district court certifies that such payment is necessary to provide fair compensation for protracted representation, and the amount of the excess payment is approved by the chief judge of the circuit."

was meant to provide an exception to the $500 limit only for the unusual case. The above provision was intended to apply to trials, or the services in connection therewith, or the total of both, which required the expenditure of time considerably in excess of that required in the usual case. Despite counsel's success in clearing his client, I do not consider the circumstances involved herein to be "extraordinary" within the meaning of the statute.

Accordingly, I return the file to the District Court, without my approval, so that it may be forwarded for payment for services in the sum not to exceed $500 plus legal expenses. See United States v. Dodge, 260 F.Supp. 929, S.D.N.Y. filed March 30, 1966; United States v. Whitney, 65 Cr. 160, S.D.N.Y. filed March 30, 1966.