**UNITED STATES of America,**

v.

**Johnny ROUNTREE.**

Nos. 65 Cr. 1055, 63 Cr. 501.

United States District Court
S. D. New York.

May 27, 1966.

---

10. See id. at 144, 149, 151.

11. United States ex rel. Best v. Fay, 239 F.Supp. 632, 634 (S.D.N.Y.1965). See also the cases cited in note 5 supra.

Richard Owen, New York City, for defendant.

Edward M. Shaw, Asst. U. S. Atty., for the United States.

### MEMORANDUM

TYLER, District Judge.

Pursuant to Article V of the Criminal Justice Act Plan of this court[1] and the relevant provisions of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A (d)), Richard Owen, Esq. of the New York Bar has made claim for fees and expenses for services in "extraordinary circumstances" or for "protracted representation" on behalf of defendant who was indicted and tried in this court.

In sum, his claim amounts to a fee of $947.50, plus disbursements of $7.00. On the basis of meticulously kept time records, Mr. Owen certifies that he spent 58 hours in preparation for one trial and a later probation revocation proceeding and other out-of-court time related to these two proceedings; in addition, he certifies that he spent a total of $24\frac{1}{2}$ hours "in open court" upon the trial, the hearing on probation revocation and related motions and hearings.

Counsel was appointed by the undersigned on December 3, 1965 in Crime Part I of this court. Thereafter he represented his client in a trial upon charges of obstruction of justice consuming two court days, December 28 and 30, 1965 before Judge Weinfeld. On February 3 and 4, 1966, he represented the defendant in a hearing upon a charge of violation of conditions of probation before Judge Wyatt.

---

1. Filed on May 12, 1965.

■ Although I do not question the accuracy of the time which Mr. Owen certifies that he spent in these two matters, and notwithstanding my opinion that the true comparative value of his services exceeds even the amount which he here claims, I am unable to approve compensation for him in any amount beyond the basic limit of $500 set by the Congress. This is so because I do not believe that the extent and nature of the services rendered can be said to constitute "protracted representation" or "extraordinary circumstances" within the meaning of the statute.

■ Both as a matter of the plain language of the statute and its legislative history, it is clear that Congress in enacting the Criminal Justice Act of 1964 did not mean that the $500 limit was to apply in every case where the hours spent computed at the maximum rates permitted would give a total exceeding the sum of $500.[2] In short, there is little doubt that Congress intended to provide an exception to the $500 limit only in the unusual case. See United States v. James Hall Whitney, 65 Cr. 160, S.D.N.Y., March 30, 1966, by Lumbard, C. J. Hearings before the Committee on the Judiciary, U. S. Senate, 88th Cong., 1st Sess., on S.63, S.1059, May 13, 1963.

Rountree's two day trial upon obstruction of justice charges was not by any sensible standard a protracted or unusual case. Assuming, as I do, that Rountree's subsequent probation revocation proceeding was a "criminal case" and thus within the coverage of the Act, see United States v. Boyden, 248 F.Supp. 291, S.D. Calif., decided December 20, 1965; United States v. Dennis Smith, 63 Cr. 693, decided February 1, 1966 (S.D.N.Y., Tyler, J.)[3], the same observation must be made as to that two day hearing. Indeed, if one were to take the total of four days of actual trial time required to dispose of both of Mr. Rountree's cases, such total time would only amount to a "short" or, at best, an "average" case in the light of prevailing standards in this district. The fact that counsel was obliged to spend additional time in court upon various motions, calendar calls and the like does not materially change the picture.

■ Moreover, the prime purpose of the Criminal Justice Act of 1964 is to protect the indigent defendant, and not to compensate members of the bar as and in the amounts they would receive under private retainers. In particular, I do not believe that the Congress intended to allow compensation at the typical rates prevailing today in the large metropolitan areas of this country.

■ With these considerations in mind, I reason that Mr. Owen is fairly entitled to maximum statutory compensation of $15 per hour for all his time spent in open court as claimed in the total amount of $367.50. This figure, of course, includes time devoted to the probation revocation proceedings which, as mentioned heretofore, may or may not be recognized by the disbursing officials at the seat of government. Respecting the claimant's preparation time out of court, I cannot say that any of this as carefully itemized by him was unnecessary; accordingly, it seems fair under all the circumstances to allow for all 58 hours thereof at a reduced rate of $2 per hour, or a total figure of $116. Disbursements as claimed in the sum of $7.00 are warranted and thus allowed.

The necessary voucher has been approved and signed as and for the amounts indicated in this memorandum.

2. It is plain, of course, that the total claimed fee of $947.50 is computed at the maximum statutory rates of $15 and $10, for time "in open court" and "out of court", respectively.

3. The Administrative Office of the United State Courts to date, however, takes the view that probation revocation proceedings are not covered by the Criminal Justice Act. That office, however, has forwarded the question to the Comptroller General of the United States for his decision.