UNITED STATES of America

v.

William E. MOORE.

Cr. 264–65.

United States District Court
District of Columbia.

July 12, 1966.

---

BAZELON, Chief Judge United States Court of Appeals.

The payment of compensation in the total amount of $803.10 that has been approved by the district court is disapproved to the extent that it exceeds $500.

Counsel appeared in court three days for trial and two days for a motion for a new trial, for a total of eighteen hours. The trial judge approved counsel's request for payment at the maximum rates of $15 per hour for court appearances and $10 per hour for fifty-one hours spent in preparation.

■ For many years lawyers have acted in the highest tradition of the Bar in defending the indigent in criminal cases. Prior to passage of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, these attorneys acted without fee and almost always without complaint. The legislative history of the Act clearly shows that Congress sought to assure representation of the indigent on a basis which would alleviate the burden on individual lawyers.[1] That Congress did not intend wholly to eliminate the burden by paying fees regularly charged to non-indigent clients appears from the legislative history[2], the very modest hourly rates, and the limit of $500 generally imposed by the Act. 18 U.S.C. § 3006A(d).

■ Congress did, however, provide that:

In extraordinary circumstances, payment in excess of the limits stated herein may be made if the district court certifies that such payment is necessary to provide fair compensation for protracted representation, and the amount of the excess payment is approved by the chief judge of the circuit. [Ibid.]

I find no "extraordinary circumstances" or "protracted representation" within the meaning of the statute. The amount requested here may be no more than reasonable compensation for the services rendered. Counsel was successful in obtaining a new trial.[3] But Congress did not make the merits or the success

---

1. See S.Rep. No. 346, 88th Cong., 1st Sess. (1963); H.R.Rep. No. 864, 88th Cong., 1st Sess. (1963), U.S.Code Congressional and Administrative News 1964, p. 2990.

2. Representative Moore, author of the bill, stated during debate:
    "We cannot, however, hope nor should we be expected to compensate attorneys to the same degree that a wealthy client could do." 110 Cong.Rec. 446(3) (1963).
    See also H.R.Rep. No. 864, 88th Cong., 1st Sess. 11 (1963) (Minority Views); 110 Cong.Rec. 18521 (1963) (Remarks of Senator Hruska); Id. at 451 (Remarks of Representative Farbstein); Id. at 455 (2) (Remarks of Representative McCulloch).

3. Although the new trial has not yet been held, counsel is eligible for compensation at this time. 18 U.S.C. § 3006A(d) provides that an attorney "shall, at the conclusion of the representation or any segment thereof, be compensated * * *." Section XII–A–3 of the "Plan for Furnishing Representation for Indigent Defendants in Criminal and Quasi Criminal Cases," formulated and adopted for this circuit pursuant to 18 U.S.C. § 3006A(a), provides that "renewed trial proceedings as a result of a mistrial, successful motion for new trial, remand from appeal, or similar action shall be treated as a separate proceeding in determining compensation of counsel and other disbursements under 18 U.S.C. § 3006A."

of counsel's representation the governing consideration.

Accordingly I return the file to the district court, without my approval, so that it may be forwarded for payment for services in the sum not to exceed $500 plus legal expenses. See United States v. Lowrey, Crim. 110565, U.S.D.C. filed May 24, 1966; United States v. Rountree, 254 F.Supp. 1009 (S.D.N.Y.1966); United States v. Dodge, 64 Crim. 619, S.D.N.Y., filed March 30, 1966; United States v. Whitney, 65 Crim. 160, S.D. N.Y., filed March 30, 1966.