UNITED STATES of America
v.
**Kenneth OWENS**
and
**Ronald Brown**
and
**Keith Farries.**

**Applications of Orlando N. PROSPERI, Henry A. Martin, and Vincent J. Morocco for Compensation Under the Criminal Justice Act, 18 U.S.C. § 3006A(d).**

**Cr. No. 66–048.**

United States District Court
W. D. Pennsylvania.
July 25, 1966.

Orlando Prosperi, Greensburg, Pa., for defendant.

STALEY, Chief Judge Court of Appeals of Third Circuit.

Applications for payment of attorney's fees under the Criminal Justice Act, 18 U.S.C. § 3006A(d), in the total amounts of $1095 to Orlando N. Prosperi, Esq., of $1005 to Henry A. Martin, Esq., and of $1045 to Vincent J. Morocco, Esq., approved by the district court, are disapproved to the extent that such payments would exceed $500 in compensation for services, plus the expenses approved by the district court.

The petitioners were appointed under the Act to defend persons accused of the felony of bank robbery, 18 U.S.C. § 2113. Each attorney spent at least 36 hours in the preparation of his case and over 40 hours in open court. The trial judge approved the applicants' requests for payment at the maximum rates of $15 per hour for court appearances and $10 per hour for time spent in preparation, and approved their itemized expenses.

*Compensation for Services*

While I entertain no doubts that the petitioners herein provided services worth at least the applied-for amounts, the Act generally limits the total amount recoverable in felony cases to $500. The Act, however, provides that

" * * * In *extraordinary circumstances*, payment in excess of the limits stated herein may be made if the district court certifies that such payment is necessary to provide fair compensation for *protracted representation*, and the amount of the excess payment is approved by the chief judge of the circuit." 18 U.S.C. § 3006A(d). (Emphasis supplied.)

I am unable to approve these applications for compensation in excess of $500 because I cannot find that a five day trial

constitutes "protracted representation" and that "extraordinary circumstances" appear so that the petitioners can bring themselves within the statutory exception.

In reaching this conclusion, I must note the strict position taken by my brethren in the similar cases to date. See United States v. Moore, D.D.C., 258 F.Supp. 790 opinion by Chief Judge Bazelon filed July 12, 1966; United States v. Whitney, 65 Crim. 160, S.D.N.Y., and United States v. Dodge, 64 Crim. 619, S.D.N.Y., opinions filed by Chief Judge Lumbard on March 30, 1966; and United States v. Pope, 251 F.Supp. 234 (D.Neb., 1966) opinion by Judge Van Pelt, approved by Chief Judge Vogel. In *Moore* and *Whitney*, payment at the statutory rates would have entitled the attorneys to payments in excess of $500, but the chief judges rejected the applications because the attorneys had spent only about seventy hours in toto. In *Dodge* and *Pope*, compensation in excess of $500 was allowed, but in these cases the attorneys spent three weeks or more in open court alone, thus necessarily qualifying as "protracted" cases.

This narrow reading of the exception to the Act's $500 ceiling is necessary in view of Congress' intent to make recovery less than compensatory. The salutary purpose of the Act is to provide adequate legal representation to defendants otherwise unable to employ counsel. In providing for compensation to the attorneys appointed under the Act, Congress sought to ensure that experienced, capable members of the bar could be called upon without thereby causing them undue financial sacrifices. Nevertheless, it was clear to Congress that the compensatory scheme would not equal the fees which would be paid by a normal client. As noted in the Minority Report of the House Subcommittee on the Judiciary, the rates of compensation were "conceded by virtually every witness at the hearings to be below normal levels of compensation in legal practice," but the payment schedule, as enacted, was "widely supported as a reasonable basis upon which lawyers could carry out their profession's responsibility to accept court appointments, without either personal profiteering or undue financial sacrifice." 2 U.S.Code Cong. & Adm.News 2997–2998 (1964).

As passed by the House of Representatives, recovery in excess of $500 would never have been allowed. H.R. 7457, 88th Cong., 2d Sess. (1964). In the Conference Committee, the Senate version of the Act, S. 1057, 88th Cong., 1st Sess. (1963), which would not have limited total compensation, was rejected, although the Conference Report noted the concessions to the Senate that appeals were to be treated as separate cases, and that an exception for "protracted" cases be made in recognition of the "many cases of *extremely long duration.*" 2 U.S.Code Cong. & Ad. News 3002 (1964) (Emphasis supplied.) Thus, I think that to fall within the exception, a case must involve an extraordinarily lengthy trial, or, by reason of its intricacies or novelty, an extraordinary amount of time out of court so that it would be highly unjust to limit the attorney's compensation to $500.

The federal judiciary has well recognized that the thrust of the Act was not to relieve the bar of its obligation to donate, at least in part, its services to those unable to pay. The Report of the Committee to Implement the Criminal Justice Act of 1964, approved by a special session of the Judicial Conference of the United States on January 13, 1965, states that

"* * * It should be emphasized that the responsibility of members of the bar to accept appointments and to serve in these cases is the same as it traditionally has been and the passage of the Criminal Justice Act of 1964 in no way lessens the responsibility of members of the bar to accept these appointments. *The payment of compensation to counsel under the Act will, in most cases, be something less than compensatory.* Service of counsel by appointment under the Act will continue to require a substantial measure of

dedication and public service." Report of the Proceedings of a Special Session of the Judicial Conference of the United States, January 13, 1965, p. 17. (Emphasis supplied.)

*Reimbursement for Expenses*

■ The applications submitted to me for approval included not only attorney's fees, but also claims for reimbursement of out-of-pocket expenses such as telephone calls and travel. The Act does not require the approval of the chief judge for expenses. Therefore, these claims for reimbursement may be forwarded for payment as approved by the district court.

It is clear that under Subsection (d) of the Act, a distinction must be drawn between claims for services rendered, and claims for expenses. The Subsection provides that appointed attorneys shall be *"compensated * * * for time ex-pended * * ** and shall be *reimbursed* for expenses reasonably incurred." (Emphasis supplied.) After submission of a claim, the district court fixes the "com-pensation *and* reimbursement to be paid." (Emphasis supplied.) Moreover, the $500 ceiling applies only to the claim for compensation for services: "the com-pensation to be paid * * * for the services of an attorney, shall not exceed $500 in a case in which one or more felonies are charged, and $300 in a case in which only misdemeanors are charged."

Under the same Subsection, approval of the chief judge of the circuit is re-quired only where the claim is for "pay-ment in excess of the limits stated here-in * * * to provide fair compensa-tion." Since expenses are "reimburse-ment" and not subject to the ceilings on compensation, my review of the applica-tions herein presented necessarily does not encompass a review of the claimed out-of-pocket expenses. United States v. Pope, 251 F.Supp. 234, 239–240.

Indeed, this is as it should be, for the district court has control over the pro-ceedings and is in a far better position than I to review the claims for reim-bursement. Likewise, the attorneys are also in a far better position to substan-tiate their claims, through receipts or in some other manner, before the district court. Such expenses would normally include those related to the attorney's own services, such as travel, telephone calls, and postage.[1] In this connection it should be noted that under Subsection (e) of the Act, there is no requirement for approval of the chief judge where services and expenses are incurred by persons other than the appointed attor-ney.

Accordingly, I must return these ap-plications without my approval so that they can be forwarded for payment of $500 for compensation, plus the expenses approved by the district court.

---

1. In the Report of the Committee to Im-plement the Criminal Justice Act of 1964 of March, 1966, the committee found that it would be proper to claim compensa-tion at a rate not to exceed a maximum of $10 per hour for time spent in travel where such travel is solely in the per-formance of duties in representing an ac-cused, Report, p. 5 (1966), while an earlier report stated the policy that ex-penses of counsel should not include an allocative share of the attorney's costs of normal office maintenance. Report of the Special Session of the Judicial Con-ference of the United States, January 13, 1965, p. 9. These are only examples of the details already worked out, and perhaps are suggestive of the many prob-lems yet to be resolved in the administra-tion of the Criminal Justice Act.