**UNITED STATES of America,
Plaintiff,**

v.

**Gene HANRAHAN, Defendant.
Crim. No. 269–62.**

United States District Court
District of Columbia.
Oct. 10, 1966.

See also D.C., 248 F.Supp. 471; Id., 255 F.Supp. 957.

Application of MYRON G. EHRLICH, Esquire, for Compensation under the Criminal Justice Act, 18 U.S.C. § 3006A(d).

BAZELON, Chief Judge.

The services in this case were rendered at a hearing after remand from this court to determine whether defendant's right to speedy trial had been denied. See Hanrahan v. United States, 121 U.S. App.D.C. 134, 348 F.2d 363 (1965). Counsel appeared in court two days to secure continuances and twenty days for the hearing for a total of seventy hours. Fourteen hours were spent in preparation for the hearing and thirty-four hours were spent studying lengthy trial and hearing transcripts in order to prepare suggested findings of fact and conclusions of law ordered by the district court.

In a memorandum accompanying the compensation voucher, the district court · noted that the case was complex with voluminous papers. In light of these "extraordinary circumstances," the court certified that excess payment was neces-sary to provide fair compensation and approved payment at the maximum rates of $15 per hour for court appearances and $10 per hour for preparation for a total of $1530.

As I stated in United States v. Moore, D.C., 258 F.Supp. 790, filed July 12, 1965, the purpose of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, is "to assure representation of the indigent on a basis which would alleviate the burden on individual lawyers," but the Act is not intended "wholly to eliminate the burden by paying fees regularly charged to nonindigent clients."[1] Thus, the Act establishes quite modest hourly rates and then imposes a $500 limitation for any case absent a determination that "extraordinary circumstances" make payment of an additional amount necessary "to provide fair compensation for protracted representation." 18 U.S.C. § 3006A(d).

Even when additional compensation is allowable, the amount is not to be calculated at the maximum rates provided by the statute,[2] since the Act does not purport to provide full compensation. The Act's use of the words "fair compensation" for this situation must be interpreted in light of the general limitations on payment found in the Act.

I agree that the unusual amount of time spent in court in the present case represents "protracted representation" for which additional compensation is allowable, and I do not doubt that the amount requested here is eminently reasonable for the services rendered. I also recognize that those counsel who are most qualified by virtue of their experience and ability make the greatest financial sacrifices under this Act as they did before its passage. In view of the scheme of the Act, however, I am constrained to limit payment to $1000.

1. 258 F.Supp. p. 791.

2. See United States v. Dodge, 64 Crim. 619, S.D.N.Y., filed March 30, 1966 (Lumbard, C.J.).