**UNITED STATES of America,
Plaintiff,**

v.

**George W. THOMAS, Defendant.**

**Crim. No. 262–65.**

United States District Court
District of Columbia.

Oct. 10, 1966.

BAZELON, Chief Circuit Judge.

This application for $747.50 in fees is based on a claim of a total of 35 hours in open court and a total of 22¼ hours in preparation. There were two trials in this case. The first one resulted in a hung jury.

Ordinarily this amount of time does not constitute "protracted representation" within the meaning of 18 U.S.C. § 3006A (d). See United States v. Stith, Crim. No. 800–64, D.D.C., filed August 12, 1966; United States v. Moore, D.D.C., 258 F.Supp. 790, filed July 12, 1966; United States v. Lowrey, Crim. No. 1105–65, D.D.C., filed May 24, 1966; United States v. Rountree, 254 F.Supp. 1009, (S.D.N.Y.1966); United States v. Dodge, 64 Crim. 691, S.D.N.Y., filed March 30, 1966; United States v. Whitney, 65 Crim. 160, S.D.N.Y., filed March 30, 1966; United States v. Owens, W.D.Pa., 256 F. Supp. 861, filed July 25, 1966.

In this case, though, an additional problem is raised because counsel represented the defendant at two trials. The question is whether the maximum fee should be raised from $500 to $1000. Although Section XIII–A(3) of our Plan for Furnishing Representation for Indigent Defendants is ambiguous on this point, I think that the Plan must be read together with the Criminal Justice Act, which, as I said in United States v. Hanrahan, D.C., 260 F.Supp. 728, filed today, "does not purport to provide full compensation."

Section XIII–A(3) says that "renewed trial proceedings * * * shall be treated as a separate proceeding in determining compensation of counsel and other disbursements, under 18 U.S.C. § 3006A."

This sentence purports to define the word "segment" found in 18 U.S.C. § 3006A (d). "An attorney appointed pursuant to this section * * * shall, at the conclusion of the representation or any *segment* thereof, be compensated at a rate not exceeding $15 per hour in open court or before a United States commissioner, and $10 per hour for time reasonably expended out of court * * *." [Emphasis supplied.] I read the statute together with the part of Section XIII–A(3) quoted above to relate to *when* the attorney may ask for compensation, not how much.[1] Elsewhere in 18 U.S.C. § 3006A (d) Congress has limited compensation to $500 per case even when the attorney represents the indigent in more than one proceeding. ["For representation of a defendant before the United States commissioner *and* the district court, the compensation to be paid to an attorney * * shall not exceed $500 in a case in which one or more felonies are charged * *." (Emphasis supplied.)]

Because I find no authority in the statute to raise the maximum allowable fee, I am constrained to return the file to the District Court, without my approval, so that it may be forwarded for payment in the sum not to exceed $500 plus legal expenses.

1. See United States v. Moore, supra, 258 F.Supp. p. 791, n. 3.