THE STATE OF OHIO, APPELLEE, *v.* PRUETT, APPELLANT.

[Cite as State v. Pruett, 10 Ohio App. 2d 218.]

(No. 598—Decided June 8, 1967.)

*Mr. Joseph E. Mahoney*, prosecuting attorney, for appellee.
*Messrs. Nazor & Nazor*, for appellant.

LYNCH, J. Attorneys Howard M. Nazor and Gordon L. Nazor, who represented the defendant, appellant herein, on his appeal from a first degree murder conviction, filed an application in this court for an allowance of their attorney fees for the prosecution of this case in this court. They requested the sum of $8,000, which they itemized as follows:

"April 20, 1965 to March 23, 1966. Preparing and filing notice of appeal, praecipe for transcript, and assignment of errors; legal research, preparation and filing of brief; legal

research, preparation and filing of reply brief; miscellaneous conferences.

"Two hundred hours at $40.00 per hour."

The applicants are able and experienced attorneys, and they rendered thorough and competent service in representing appellant on his appeal in this court.

This is the first application for attorney fees in indigent criminal cases that has come before this court, but we anticipate that it will not be the last. Therefore, the members of this court have done some research on this question and have given the matter serious consideration.

Section 2941.51 of the Revised Code governs the payment of fees for attorneys assigned to indigent defendants in criminal cases. A maximum of $300 is provided for all felony cases, except murder and manslaughter cases. In murder and manslaughter cases, discretion is given to the court to set the compensation of the attorney.

There is a recent article on compensation of attorneys in indigent criminal cases in federal cases in 53 American Bar Association Journal 278 (March 1967 issue), which discusses the cases of *United States* v. *Hanrahan*, 260 F. Supp. 728, and *United States* v. *Thomas*, 261 F. Supp. 431. Both cases involved application for compensation of attorneys who represented indigent criminals under the Criminal Justice Act of 1964. The gist of these cases is that the purpose of the Criminal Justice Act of 1964 is to assure representation of the indigent on a basis which would alleviate the burden on individual lawyers, but the Act is not intended to permit the payment of fees in such cases that would regularly be charged to nonindigent clients. The Act does not purport to provide full compensation. The net effect of these decisions is that attorneys who are assigned to protracted criminal defenses in federal cases are going to sacrifice their time at a lower rate than to nonindigent clients.

The above reasoning is followed by the Common Pleas Court Judges of Mahoning County. They have a policy to appoint two attorneys in a first degree murder case and to set a maximum fee for such cases, which is to be divided between the two attorneys. The maximum fee was $1,500, but was recently raised to $2,000,

In this case, we understand that the applicants have already been paid approximately $7,000 for their services in this case in the Common Pleas Court. We realize that the trial of this case lasted approximately twenty-five days, and that applicants devoted considerable time to this case.

However, the Prosecuting Attorney of Ashtabula County is paid $9,550 per year. If we allow the full amount applicants requested, each applicant would be paid for one case almost as much as the Prosecuting Attorney was paid for the entire year. This is unreasonable and unrealistic.

Although we are aware of the amount that applicants were paid in the trial court because it is part of the record of this case, we feel that this application has to be decided on the basis of what occurred in this court. The application is not as detailed as we would prefer, but this is a type of case where our decision is based on a maximum fee allowable.

We hold that the purpose of Section 2941.51 of the Revised Code is to insure representation of an indigent defendant in a criminal case on a basis which would alleviate the burden on individual lawyers, but that the statute does not purport to provide full compensation and it is not intended to permit the payment of fees in such cases, that would be charged to nonindigent clients.

We also feel that, as a matter of policy, a maximum fee should be set for appeals in first degree murder cases. At this time we are setting the total sum of $2,000 as a maximum compensation for appeals in first degree murder cases.

Under the circumstances of this case, we allow applicants the maximum compensation of the total sum of $2,000 for their services rendered for appellant on his appeal to this court.

*Judgment accordingly.*

O'NEILL, J., concurs.

JONES, P. J., dissenting. Robert Leroy Pruett was indicted by the Ashtabula County Grand Jury, charged with the offense of first degree murder (Section 2901.01, Revised Code). Attorney

Howard Nazor and his son, Attorney Gordon Nazor, of the law firm of Nazor & Nazor of Ashtabula, Ohio, were appointed by Judge Pontius of the Ashtabula County Court of Common Pleas to defendant Pruett. A plea of not guilty was followed by a jury trial. The jury found Pruett guilty and did not recommend mercy. The trial judge appointed the same counsel to prosecute an appeal (Section 2941.50, Revised Code). This court, upon review, affirmed the judgment and sentence.

Counsel have made application to this court for services related to the work done on appeal only. Section 2941.51, Revised Code, states:

"Counsel assigned in a case of felony under Section 2941.50 of the Revised Code shall be paid for their services by the county, and shall receive therefor:

"(A) In a case of murder in the first or second degree, and manslaughter in the first and second degree, such compensation and expenses as the trial court may approve.

"(B) In other cases of felony, such compensation as the trial court may approve, not exceeding three hundred dollars and expenses as the trial court may approve.

"(C) In a case where counsel have been assigned to conduct an appeal under Section 2941.50 of the Revised Code, such compensation shall be fixed by the Court of Appeals or the Supreme Court, as provided in divisions (A) and (B) of this section.

"The fees and expenses approved by the court under this section shall be taxed as part of the costs.

"The county auditor shall draw his order on the county treasurer for the payment of such counsel in the amount fixed by the court, plus expenses as the court may fix, and certified by the court to the auditor."

An itemized statement attached to the application states in substance that counsel, collectively, have spent two hundred hours, from April 20, 1965, to March 23, 1966, working on the appeal alone. This includes work from the time the notice of appeal was filed until oral argument had been made in this court.

This is the first such application that has been presented to our court. I anticipate more applications involving other

criminal appeals in the future. Thus, policy must be set and guidelines drawn so that trial judges and appointed lawyers might know what to expect.

First, in counties wherein the Bar Association has undertaken to work out a fee schedule, this court ought to consider same. Who should know about such affairs better than the local bar that has spent time and effort in working out a fee schedule? Secondly, in cases involving felonies other than those set out in Section 2941.51 (A), Revised Code, *supra*, we ought, also, to be guided by Section 2941.51 (B), Revised Code. The problem arises when application for fees is made for the defense of a crime outlined in Section 2941.51 (A), Revised Code, when there does not appear to be a county bar association schedule.

The United States Supreme Court has brought about the necessity of increasing the number of court-appointed counsel in criminal matters. Plus, Ohio law now calls for same in many instances. The law now calls for the appointment of lawyers in certain instances, in criminal matters; and the lawyers must be paid. As a practical matter the counties and state must face this increased expenditure. That is not a problem for the state courts in Ohio, it falls upon the Boards of County Commissioners and the state of Ohio. What they may have anticipated in the past is now a clear reality. Some states and counties have Public Defenders. He is on a fixed salary. Perhaps the county commissioners or state of Ohio ought to consider this as a solution. No matter, it will be an ultimate cost burden to the taxpayer, and we do not suggest how it should be met, we only advise that the problem is here and preparedness ought to be considered by those responsible for payment.

The federal Criminal Justice Act of 1964 provides for compensation of federal court-appointed lawyers. The Act authorizes compensation to assigned lawyers for indigent-criminal defendants in the federal courts (not to exceed $15 an hour for court work and $10 an hour for time spent out of court, with limitations of $500 in felony cases). The Act goes on, however, to state (Section 3006 A (d), Title 18, U. S. Code):

"* * * In extraordinary circumstances, payment in excess of the limits * * * may be made if the district court certifies that such payment is necessary to provide fair compensation

for protracted representation, and the amount of the excess payment is approved by the chief judge of the circuit. * * *.''

In one such case, the Chief Judge put a ceiling of $1,000 for allowable additional compensation which he said was consistent with "the scheme of the Act." (*United States* v. *Hanrahan*, 260 F. Supp. 728. See, also, *United States* v. *Thomas*, 261 F. Supp. 431.) The "scheme of the Act," declared the Chief Judge, was to assure representation of the indigent on a basis that would alleviate, but not eliminate entirely, the burden on individual lawyers. The hourly limitation, he pointed out, meant that the Congress did not intend to benefit lawyers to the extent of paying them fees that they might regularly charge nonindigent clients.

Of course, we are not involved here with the Act which governs compensation for court-appointed lawyers in the federal system. Any such lawyer accepting a federal assignment does so with knowledge of the Act. In our court we are not bound by statute, and, until such time that the Ohio Legislature acts upon this (they may not), it is obvious that the amount of the fees to be paid for appellate work is discretionary with the Court of Appeals into which forum the case is carried.

I do not subscribe to the philosophy of fee payments set out under the federal Criminal Justice Act of 1964. As a practical matter federal judges have more influence over the federal Bar than state judges have over the state Bar. That is to say, that fewer lawyers turn down a request by a federal judge of an assignment to defend an indigent in a criminal case than they do a similar request by a state judge. If justice is to be served, it would seem logical that it would more likely be better done by a competent lawyer who can expect a fair fee for his time and advice. If an adequate fee is paid, then the field of choice would open wide for selection by a state trial judge. (Only Common Pleas Court Judges are empowered to appoint in Ohio.) Would this not be more in keeping with the Sixth and Fourteenth Amendments? I think so. Certainly, a lawyer so appointed could waive all or part of his fee, but why should an indigent be limited to a small field from which a trial judge has to select as defense counsel? And, why shouldn't a lawyer be fairly paid for his time and advice? Lawyers, above all other

professions, do much for their community in terms of volunteer service. They do so willingly. Why ask more of them when they too are unable to escape the rise in the cost of living? The expense of preserving personal rights ought to be equitably borne by layman and lawyer alike.

Thus, I consider a fair fee to be paid to court-appointed lawyers in cases described in Section 2941.51 (A), Revised Code, wherein the county Bar Association does not have a fee schedule, to be $20 an hour and $150 an appearance in our court upon a merit hearing.

In the instant case I find that the Ashtabula County Bar Association fee schedule sets out in Item 1 (c) an hourly rate of $15 for research and briefing. (See also Item XIII [d] and Item XXIV [c]). Accordingly, I would follow the Ashtabula County Bar Association fee schedule. In passing, I recommend that the Ashtabula County Bar Association up-date its fee schedule to meet the increased cost of operating a law office. Also, I recommend that the Prosecuting Attorney's salary be raised to a fairer figure. This, however, is a matter for the Legislature, pursuant to Section 325.11, Revised Code.