### UNITED STATES of America
### v.
### Manoutchehr AADAL, Defendant.
### Nos. 66 Cr. 458, 67 Cr. 592.

United States District Court
S. D. New York.
March 27, 1968.

---

1. Under Fed.R.Civ.P., Rule 3, a suit is commenced by filing a complaint. The filing fee is $15.

See also D.C., 280 F.Supp. 866.

Gerald Zisholtz and Morris Weissberg, pro sese.

## MEMORANDUM ON SECOND VOUCHER

MOTLEY, District Judge.

On December 4, 1967, this court certified that compensation totaling $978.10 for the services and expenses of two court-appointed counsel represented fair compensation for protracted representation and, therefore, payment of that amount, although it exceeded the limitation of $500 contained in the Criminal Justice Act of 1964, was necessary. The certification and a memorandum setting forth this court's reasons for so certifying were sent to the Chief Judge of this Circuit for approval.

On January 9, 1968, Chief Judge Lumbard approved of the compensation with the following notation:

I approve the allowance for two counsel for defendant in this case in the amount of $945.00 for compensation and $33.10 for expenses, total $978.10,

as the trial of 11 days and the work in connection therewith, constitutes protracted representation. Moreover, it is clear from the detailed and considered opinion of Judge Motley that two counsel were needed and that the appointment of more than one counsel, under the unusual circumstances of the case, probably shortened the trial and constituted a more economical use of legal representation than if only one counsel had been designated. Had one counsel been appointed it seems altogether likely that an allowance in excess of that here approved would have been justified.

At the same time I think I should emphasize that it is only the unusual case where appointment and remuneration of more than one counsel for one defendant would be appropriate. This, I believe is such a case. Moreover, the total amount allowed is reasonable by any test.

The vouchers for compensation and expenses were then forwarded to the Administrative Office of the United States Courts for payment. By letter dated March 1, 1968, that office informed this court that:

"Under the policy established by the Judicial Conference Committee for Implementation of the Criminal Justice Act, only one attorney at a time may be appointed pursuant to the Criminal Justice Act for each defendant in a noncapital case and we have no alternative other than to make payment to a single attorney."

Under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A(d), each federal district judge must determine the amount of expenses and compensation to be paid appointed counsel. Where compensation awards exceed $500, approval of the chief judge of the circuit must be obtained. 18 U.S.C. § 3006A(d). But in all cases, payments from the appropriations for this purpose must be made under the supervision of the Director of the Administrative Office of the United States Courts. 18 U.S.C. § 3006A(h).

Upon receipt of the letter from the Administrative Office, Chief Judge Lumbard and this district judge agreed to advise counsel to submit a voucher for one attorney only, claiming compensation for the work done by that attorney alone; counsel were so notified.

Thereafter, Gerald Zisholtz, one of the attorneys for Manoutchehr Aadal, the defendant who was represented, submitted a second voucher for compensation and expenses. The newly submitted voucher, unlike the old voucher submitted by Mr. Zisholtz, itemized the number of hours spent out of court in preparation, as required by the voucher form. Mr. Zisholtz' failure to itemize his claim for time spent out of court on the first voucher led this court to disallow any compensation for time spent out of court by Mr. Zisholtz. United States v. Naples, 266 F.Supp. 608 (D.C.D.C.1967, Chief Judge Bazelon). Compensation is now allowed for this itemization of time spent out of court with one exception. This exception is a claim *made for the first time* for 50 hours spent in consultation with co-counsel. Court-appointed counsel may consult with other counsel, including partners and associates, for which he might claim and be awarded compensation under the voucher heading: "Time Spent in Preparation (Out of Court)" on three conditions: 1) if the time for such consultation is found to have been "reasonably expended" out of court by the district judge, 18 U.S.C. § 3006A(d); 2) if the district judge certifies that payment for such time spent is necessary to provide fair compensation for protracted representation in extraordinary circumstances and 3) the amount of the excess payment is approved by the chief judge of the circuit. 18 U.S.C. § 3006A(d). The claim for compensation for consultation with co-counsel is disallowed in this case on the ground that this court does not believe such payment necessary to provide fair compensation to the one court-appointed counsel now permitted by the Administrative Office decision to file a claim.

In this instance, as in the case of the first voucher submitted by Mr. Zisholtz, compensation is not allowed at the maximum hourly rate of $15 per hour in court and $10 per hour out of court. 18 U.S.C. § 3006A(d).

The approved hours and expenses claimed by Mr. Zisholtz are compensated for as follows:

| | | | |
|---|---|---|---|
| Time Spent In Open Court | 51½ Hrs. | at $10 per hour | = $515.00 |
| Time Spent In Preparation Out of Court | 84 Hrs. | at $5 per hour | = $420.00 |
| Expenses | | | $ 33.10 |
| TOTAL | | | $968.10 |

The compensation is for time spent in and out of court after June 30, 1967, the day on which this court filed its order of appointment.

For the reasons already set forth in this court's prior amended memorandum, this court again certifies that compensation for representing Manoutchehr Aadal which is in excess of the statutory limit of $500 represents fair compensation to Mr. Zisholtz for protracted representation and, therefore, payment is necessary.

Approved by Chief Judge LUMBARD, March 27, 1968.