**UNITED STATES of America**

v.

**Melvin HARPER, Defendant.**

**Crim. No. 68–68.**

United States District Court,
District of Columbia.

March 31, 1970.

BAZELON, Chief Judge, District of Columbia Circuit:

When I first considered this application for a counsel fee in excess of $500, I concluded from the papers then before me that the services rendered did not constitute "protracted representation" within the meaning of the Criminal Justice Act, 18 U.S.C. § 3006A(d). Accordingly, I returned the application without my approval. Thereafter, I received a thoughtful letter from counsel drawing my attention to a report prepared by Professor Dallin H. Oaks of the University of Chicago Law School.[1] Relying on that report and drawing from his own experience in handling assigned criminal cases in this jurisdiction, counsel asks that I "reconsider the present policy regarding extra compensation." In order that I may properly consider the various points raised by counsel, I have treated his letter as a petition for reconsideration.

Counsel's applications[2] show that some 88 hours were devoted to the case. With the exception of about an hour and a half, all of these services were rendered "out of court" and included matters such as client and witness interviews, legal research, and the preparation of pre-trial motions. Computed at the maximum hourly rates provided in the Act, counsel would be eligible for a fee of about $900 provided "extraordinary circumstances" were shown and such a fee was required to afford counsel "fair compensation in protracted litigation."

The District Judge approved the voucher as submitted. On the basis of my independent examination of the voucher and the files and records in the

1. Subcomm. on Constitutional Rights, Senate Comm. on the Judiciary, 90th Cong., 2d Sess. (Comm.Print 1969) (hereinafter cited as the Report).

2. Counsel's first application for partial compensation of less than $500 was approved by the District Court and has been paid. After counsel's client disappeared while on bail awaiting trial, counsel submitted a second application for partial compensation. Since the combined total of the two applications exceeded $500, my approval was required. In passing on the application, I have considered the combined services as reflected on both vouchers in order to determine whether the statutory criteria have been satisfied.

case, I endorsed the application as follows:

> I am constrained to return this voucher without my approval since I cannot find that the services rendered to date constitute "protracted representation" within the meaning of the Act. See United States v. Lowery, 261 F.Supp. 396 (D.D.C.1966). This action is without prejudice to the submission of a supplemented application in the event counsel renders additional services pursuant to his appointment.

Counsel raises two principal points. First, while agreeing that denial of his application was consistent with "the reported cases in this jurisdiction" and "the majority view in other circuits," he suggests that the criteria set forth in the published opinions are "not necessarily * * * applied in many cases." Second, counsel suggests that the Act is being too niggardly construed. In view of "the language of the Act and the legislative intent to allow, within reasonable limits, full paid representation for all," it is suggested that applications showing more than fifty hours of legal services should ordinarily qualify for excess compensation.

### I

As a result of his study, Professor Oaks notes that during fiscal 1966 a large number of excess compensation applications were approved at amounts between $500 and $1000. Report at 180–181. From this, Professor Oaks suggested "that the overall practice may be considerably more lenient than the foregoing [published] opinions suggest." *Id.* at 180.

While I do not have detailed information on the practice in other circuits, I would be genuinely surprised if the chief judges were publishing one set of principles only to practice another. It is quite true, as Professor Oaks points out,[3] that formal opinions are not prepared on each counsel fee application. It is my practice to publish an opinion only when the case involves an unsettled but recurring issue so that the bar and trial bench may have notice of my views. Thus, I have written opinions on the subject of "protracted representation,"[4] the method of calculating fees in cases calling for an excess payment,[5] the problems arising from representation of a single defendant at two trials,[6] the permissibility of allowing compensation to attorneys other than those appointed pursuant to the Act,[7] and the need for detailed information in applications for excess compensation.[8] When, as in this case, my decision involves principles already published, it is my practice to endorse the application with a brief statement explaining my action and a citation to the pertinent published case which has guided my consideration.

This does not mean that a different standard is applied to cases where no opinion is written. A contrary conclusion should not be drawn from the approval ultimately given to a number of fees between $500 and $1,000 for "protracted representation." The original applications in those cases undoubtedly requested a much larger fee, because when I find a particular application qualifies for excess compensation under the Act, I do not approve a counsel fee computed at maximum hourly rates. United States v. Hanrahan, 260 F.Supp. 728 (D.D.C.1966).[9] *Cf.* United States v. Aadal, 280 F.Supp. 866 (S.D.N.Y.1967),

3. Report at 180.

4. United States v. Lowery, 261 F.Supp. 396 (D.D.C.1966).

5. United States v. Hanrahan, 260 F.Supp. 728 (D.D.C.1966).

6. United States v. Thomas, 261 F.Supp. 431 (D.D.C.1966).

7. United States v. Naples, 266 F.Supp. 608 (D.D.C.1967).

8. *Id.*

9. If, in an extraordinary case, a district judge concluded that "excess payment" must be computed at maximum rates "to provide fair compensation" and set forth his reasons in a memorandum accompanying the voucher, I would not consider *Hanrahan* a bar to favorable consideration of the application. *See* United States v. Ursini, 296 F.Supp. 1155 (D.Conn. 1968).

282 F.Supp. 664 (S.D.N.Y.1968). And, as Professor Oaks noted, "there is no published information on the extent to which the district judge and the circuit judge had scaled down the attorney's request before approving it." Report at 181.

■ I have carefully reconsidered the present application. I conclude that my initial determination is in accord with the principles previously applied in both published [10] and unpublished [11] cases.

## II

■■ If the question is approached solely from the viewpoint of counsel's compensation, I agree that it is discriminatory to allow one attorney to receive a fee of $500 computed at maximum rates, but to deny another attorney similar treatment because the case involved additional work which, absent the statutory ceiling, would entitle him to a fee in excess of $500. But the Act was not designed to provide full compensation for counsel. Rather, it is a compromise between those who would have compensated counsel for every hour put into a case [12] and those who would have limited compensation to $500 regardless of the circumstances of a particular case. [13] The legislative history makes it plain that Congress did not intend to provide full compensation to counsel and that the exception for additional compensation was reserved for "extraordinary" cases involving "protracted representation." [14] In view of this clearly expressed legislative intention, I cannot adopt counsel's suggestion that all cases involving more than fifty hours of legal services should

qualify for excess compensation under the present Act.

On one point, however, I find myself in full agreement with counsel. Notwithstanding the modest fees allowed by the Act, the burden of representing indigent defendants in this jurisdiction falls principally on the bar. By responding so willingly and competently, often at personal inconvenience and sacrifice, the members of our bar render a great public service.

The petition for reconsideration is denied.

So ordered.

---

10. United States v. Lowery, *supra* n. 4. See also, United States v. Rountree, 254 F.Supp. 1009 (S.D.N.Y.1966); United States v. Owens, 256 F.Supp. 861 (W.D. Pa.1966).

11. United States v. Branden, Crim.No.255–67 (D.D.C.1969); United States v. Glenn, Crim.No.140–67 (D.D.C.1969).

12. S.Rep.No.346, 88th Cong., 2d Sess. 15 (1966); H.R.Rep.No.864, 88th Cong., 2d Sess. 11–12 (1966) (minority report).

13. H.R.Rep.No.864, supra n. 11, at 4.

14. United States v. Moore, 258 F.Supp. 790, 791 (D.D.C.1966); United States v. Hanrahan, 260 F.Supp. 728, 729 (D.D.C. 1966); United States v. Owens, 256 F. Supp. 861, 863 (W.D.Pa.1966); United States v. Rountree, 254 F.Supp. 1009, 1011 (S.D.N.Y.1966). See also, Report at 170.