UNITED STATES of America

v.

Nicholas HILDEBRANDT, Defendant.

No. 74 Cr. 606–LFM.

United States District Court,
S. D. New York.

Jan. 14, 1975.

Sidney M. Offer, New York City, for defendant.

Paul J. Curran, U. S. Atty., Southern District of New York by Thomas M. Fortuin, Asst. U. S. Atty., New York City, for the United States.

## MEMORANDUM

MacMAHON, District Judge.

Sidney Offer, Esq., a member of the bar of the Southern District of New York, makes a claim under the Criminal Justice Act of 1964, as amended, 18 U.S.C. § 3006A(d)(3), for fees and expenses in the amount of $1,537.00, for extended and complex representation of Nicholas Hildebrandt, a defendant tried before us and convicted by a jury of conspiracy to violate the federal narcotics laws, in violation of 21 U.S.C. § 846, and substantive narcotics offenses proscribed by 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1).

The claim is based upon 29 hours spent in open court, including two trial days, and 40½ hours of out-of-court work. Mr. Offer has submitted a detailed affidavit describing his services. In calculating his fee, Mr. Offer uses the statutory maximum rates of $30.00 per hour for time spent in court and $20.00 per hour for time reasonably expended out of court, plus expenses of $7.00. He deducts, however, $150.00 previously received for these services.

There can be no doubt that Mr. Offer's services were performed in accordance with the highest standards of the legal profession, and we take this opportunity to express our appreciation for his able representation of this indigent defendant. The statute, however, limits the compensation allowed to assigned counsel in a felony case to $1,000.00, except where the trial judge certifies, and the Chief Judge of the circuit approves, an excess, as necessary to provide counsel with fair compensation because the services rendered constituted "extended or complex representation."

■ Mr. Offer, possibly through oversight, includes in his claim for time in open court 3 hours spent preparing, serving and filing a notice of appeal, as well as 4 hours spent preparing and submitting an affidavit and order permitting defendant to visit his brother in a hospital. We feel that these hours would be more appropriately included as out-of-court time, since the time spent filing these papers in open court was surely minimal and the remainder of the time was spent preparing them. This reduces the claim for in court time by 7 hours and conversely increases the out-of-court time by an equal amount.

■ Mr. Offer also includes 14½ hours of trial time in his claim for time spent in open court. He arrives at this figure by adding 7 hours for the first trial day, beginning at 10:00 A.M. and concluding at 5:00 P.M., to 7½ hours for the second trial day, beginning at 10:00 A.M. and concluding at 5:30 P.M. He neglects, however, to reduce these hours by 1¼ hours consumed each day by the luncheon recess. This adjustment further reduces his claim for in court time by 2½ hours.

Mr. Offer claims an extraordinary amount of out-of-court time in his claim considering the routine nature of his narcotics case. An examination of his detailed affidavit reveals that 9 hours were spent conferring with defendant's wife, either alone, with defendant or an Assistant United States Attorney. Although a portion of this time may have been vital to the defense of this case, the relative simplicity of the case indicates that much of it must have been spent merely informing defendant's wife of the progress of the case or comforting her regarding her husband's predicament.

■ Counsel's concern for defendant's family is amiable and in the finest tradition of the legal profession, but compensation for these services is not contemplated by the Criminal Justice Act since they are not essential to the defense of the case. Furthermore, Mr. Offer's affidavit indicates that 2 hours of this time was not spent directly on this case but on a related hearing in Bronx County Supreme Court. Therefore, we must reduce this conference time by an appropriate amount. We feel that 4½ hours of the 9 hours claimed are reasonably claimed under the Act and so reduce the claim for out-of-court time by 4½ hours.

■ Mr. Offer also claims 10 hours out of court as travel time. He does not include it under the heading for travel to and from

court but rather as "other travel time" and explains that it is for visiting defendant at the House of Detention. His affidavit details seven visits with defendant at the House of Detention. His office and the House of Detention are located in Manhattan, however, and we feel that ½ hour travel time per round trip is reasonable. Therefore, we reduce his travel time to 3½ hours and so reduce his claim for out-of-court time by an additional 6½ hours.

■ Compensation in excess of the $1,000.00 maximum, however, is not computed at the maximum rates of $30.00 per hour for time spent in court and $20.00 per hour for out-of-court services. *United States v. Dodge*, 260 F.Supp. 929 (S.D.N.Y. 1966) (Lumbard, C. J.); *United States v. Aadal*, 282 F.Supp. 664 (S.D.N.Y.1968); *United States v. Thompson*, 361 F.Supp. 879 (D.D.C.1973) (Bazelon, C. J.). A substantial element of appointed counsel's representation under the Act remains public service, and congress has made it clear that the fees allowable under the Act are not intended to provide full compensation to counsel. *United States v. Thompson, supra*, 361 F.Supp. at 887.

■ We think compensation of $25.00 per hour for in court time and $12.00 per hour for out-of-court time are fair rates, keeping in mind the necessary balance between the statutory policies of limitation of compensation and fair remuneration to counsel. Applying these rates, Mr. Offer is entitled to $487.50 for courtroom work and $438.00 for time expended out of court, for a total of $925.50. Adding to this Mr. Offer's claim for $7.00 in itemized expenses, we find that he is entitled to $932.50. However, since he has already received $150.00 for his services, the net amount due him is $782.50.

Submit an appropriate voucher in accordance with the foregoing memorandum within ten (10) days.

So ordered.