**UNITED STATES of America**

v.

**Joseph Carl KINGSTON.**

Application of Robert N. PEIRCE, Jr. and Melvin Schwartz for Compensation under the Criminal Justice Act, 18 U.S.C. § 3006A(d).

Crim. No. 65-046.

United States District Court
W. D. Pennsylvania.

Aug. 5, 1966.

Robert N. Peirce, Jr., and Melvin Schwartz, Pittsburgh, Pa., pro se.

STALEY, Chief Judge.

The application for payment of attorney's fees under the Criminal Justice Act, 18 U.S.C. § 3006A(d), in the total amount of $2055 to Robert N. Peirce, Jr., and Melvin Schwartz, Esq., co-counsel in the defense of Joseph Carl Kingston, is disapproved to the extent that the payment for their services would exceed $500, plus the expenses approved by the district court.

The defendant was accused of the felony of transporting a stolen vehicle across state lines in violation of the Dyer Act, 18 U.S.C. § 2312. Originally indicted in New Jersey, the defendant was subsequently indicted for the same offense in the Western District of Pennsylvania. The defendant's first court-appointed attorney in the Western District sought to have the charges dismissed for want of prosecution.[1] After the motion to dismiss had been argued and was still pending, a serious disagreement arose between this attorney and the defendant. The court thereupon appointed Mr. Peirce to represent Mr. Kingston. After a series of motions and continuances, the case was finally set for trial on October 6, 1965. However, the district court properly held that the unresolved motion to dismiss had to be disposed of before the trial could proceed. At that point, it appointed Mr. Schwartz co-counsel to assist Mr. Peirce. Again after some delays, a hearing on the motion was held in February of 1966 at which time it was denied. The Dyer Act charge was tried to a jury starting the afternoon of March 7, 1966, and terminating with a verdict of guilty the afternoon of the 9th. A motion for a new trial was subsequently denied.

In a joint application, Mr. Peirce and Mr. Schwartz have applied for compensation well in excess of the ceiling for normal representation in felony cases of $500. These services consisted of 46 hours spent in open court, for which the district judge allowed the maximum rate under the Act of $15 per hour, and 136½ hours of out-of-court preparation, for which the district judge allowed the statutory maximum rate of $10 per hour.

*Joint Representation*

This is the first application presented for my approval where more than one attorney has been appointed to represent an individual defendant. The Criminal Justice Act does not expressly sanction such joint appointments. However, the Committee to Implement the Criminal Justice Act of 1964, created by the Judicial Conference of the United States, early recognized this problem[2] and subsequently approved such dual representation in capital cases where the attorneys would each be entitled to file claims for compensation up to the statutory ceiling of $500 without the approval of the chief judge. Report of the Committee to Implement the Criminal Justice Act of 1964, p. 6 (March 1966).

While I agree that such appointments are permissible under the Act, the rule which will obtain in the Third Circuit is that unless the case involves a charge of a capital offense, or falls within the Act's exception for *protracted representation under extraordinary circumstances,* 18 U.S.C. § 3006A(d), attorneys appointed as co-counsel to represent an individual defendant must file a joint claim for compensation for services, and the aggregate compensation may not exceed the statutory ceilings of $500 for a felony case, or $300 for a misdemeanor.

1. An attorney appointed in New Jersey had initiated this line of defense. After the transfer of this case to the Western District, he no longer served as attorney.

2. The minutes of the initial meeting of the Committee, October 17, 1964, refer to a discussion of this problem in which the Chairman, Judge Hastings, stated that the statute was not entirely clear,

and that perhaps this was an item that might be covered by the district court plans. Judge Carter indicated he might appoint two attorneys in a difficult case, requesting the junior attorney to serve without compensation. Minutes of the Committee to Implement the Criminal Justice Act of 1964, p. 11 (October 17, 1964).

In this manner, adequacy of representation may be secured without conflicting with the Congressional intent to limit compensation under the Act.

*Claim for Services in Excess of the $500 Ceiling*

 The applicants herein jointly request an amount well in excess of the Act's $500 ceiling for compensation for representation in felony cases on the basis that the case is within the exception for "protracted representation." As I held in United States v. Owens et al., W.D.Pa., 256 F.Supp. 861, p. 863, filed July 25, 1966,

> " * * * to fall within the exception, a case must involve an extraordinarily lengthy trial or, by reason of its intricacies or novelty, an extraordinary amount of time out of court so that it would be highly unjust to limit the attorney's compensation to $500."

The actual trial in this case lasted only 2½ days and, including all the time spent in hearings by one or both of the applicants, the 46 total hours spent in open court are not sufficient to bring the applicants within the exception because the case involved an "extraordinarily lengthy trial."

 In addition to the 46 hours spent in open court, however, the attorneys have spent 136½ hours in out-of-court preparation. From this combination, it would appear that at least on its face, the case would fall within the exception "by reason of its intricacies or novelty, [involving] an extraordinary amount of time out of court." While it is true that many hours were spent on this case, my review of the applicants' petition accompanying their application, and the record in the case, convince me that this is not a case where compensation in excess of the statutory ceiling may be allowed.

The government's case against the defendant Kingston did not present any inherently complex legal issues, and neither did the defendant's motion to dismiss for want of prosecution. Rather, the regrettable length of the case came about because of the combination of the transfer of the case from New Jersey to the Western District, and the alternation of representation. The transfer of the case caused delay because of difficulties in ascertaining what had transpired in New Jersey. The various appointments of attorneys caused delay because the new attorney had to request continuances so that he could become familiar with the case. Moreover, it would appear that much of this time was necessarily duplicative. Under all the circumstances, I cannot find that this case is one wherein it would be "highly unjust" to limit the joint applicants to a total recovery of $500.

Accordingly, I must return this application without my approval so that it can be forwarded for payment of $500 compensation, to be divided among the applicants as they see fit, plus the expenses approved by the district court.