**UNITED STATES of America**
v.
**Manoutchehr AADAL, Defendant.**
**Nos. 67 Cr. 592, 66 Cr. 458.**

United States District Court
S. D. New York.
Dec. 15, 1967.

See also D.C., 280 F.Supp. 859, and D.C., 280 F.Supp. 862.

Gerald Zisholtz and Morris Weissberg, pro sese.

---

MOTLEY, District Judge.

On May 26, 1966, defendant was charged in a twelve count indictment with making false statements on bills of lading, with intent to defraud, and negotiating same in violation of 49 U.S.C. § 121 and 18 U.S.C. § 2. Defendant was convicted on all twelve counts. The bills of lading were negotiated in April and May 1964. The amount of the loss sustained by defrauded purchasers exceeded $800,000.

Upon a showing of financial inability to retain counsel, this court, on June 30, 1967, appointed two lawyers to represent defendant.[1] Defendant's court-appointed counsel now have presented their vouchers for compensation and expenses.

The voucher submitted by the first attorney shows 50½ hours spent in court after the appointment and 49 hours spent in preparation out of court. The number of hours spent in preparation out of court after the appointment cannot be determined from the information supplied on the required voucher form. No dates are given on the first voucher with respect to time spent out of court. Dates are given as to time spent in court. The court notes that the first voucher fails to list the time spent in court during the rendering of decision and sentence hearing.[2] This would add an additional hour to the time spent in court.

As to the second lawyer, the voucher shows 33 hours of time spent in court after the appointment and 10 hours in preparation out of court after the appointment. Dates are given in both instances.

If each of the hours cited above were compensated for at the maximum allowable hourly rates of $15 per hour for time spent in court and $10 for time "reasonably spent" out of court, the total compensation for the services of the two lawyers would be $1,857.50. 18 U.S.C. § 3006A(d). The Criminal Justice Act of 1964 provides for the stated maxima but also provides that payment as compensation for services of an attorney in a case where one or more felonies is charged shall not exceed $500.00. 18 U.S.C. § 3006A(d). The number of attorneys who may be appointed in a single case is not explicitly provided for by the Act. The Plan of this District for the appointment of counsel required by the Act does not deal with the problem. 18 U.S.C. § 3006A(a). The Act does provide, however, that in "extraordinary circumstances" payment in excess of the $500.00 limit may be made in a single case if the district court certifies that such payment is necessary to provide fair compensation for "protracted representation", and the amount of excess payment is approved by the chief judge of the circuit. 18 U.S.C. § 3006A(d). This court has certified in the approved form that $945.00 is necessary to provide fair compensation for "protracted representation" in this case. The reasons for this conclusion are set forth below.

On June 21, 1967, at the first pretrial conference in this case, two lawyers appeared for defendant. These lawyers advised the court that they had previously represented defendant in another criminal case and represented him in this case, but defendant was then unable to pay them.

1. Although the court appointed the two lawyers at the first pretrial conference held in this case on June 21, 1967, based upon their representations, the court did not actually sign the order of appointment required by the Plan of this Court until June 30, 1967, which was after receipt of an affidavit of indigency from defendant. The compensation approved herein is, consequently, for time spent in and out of court after the date of the order.

2. Decision was rendered on September 1, 1967 and defendant was sentenced on October 10, 1967.

During the first pretrial conference, it appeared to the court that protracted representation would be involved in this case because of several factors: 1) the large number of documents which the Government advised it would introduce; 2) the large number of counts; 3) the proposed defense which, it was asserted, likewise would involve the introduction of a large number of documents; 4) the complicated nature of the foreign trade transactions in which defendant had been involved and, 5) the necessity for review by defense counsel of the many files in at least two corporations owned and operated by defendant which were involved in the transactions.

At the time of the first pretrial conference, the original indictment was more than a year old;[3] because of this, both defendant and the Government requested an early trial date. The trial was then set for July 19, 1967.[4]

The court was, therefore, of the view that, in order to afford defendant an adequate defense in the short time remaining, the two lawyers who were then representing defendant should be appointed. The court was also of the opinion that the appointment of two lawyers would serve to reduce the length of the trial by facilitating review and introduction of evidence.

Upon the trial, defendant abandoned part of his defense and introduced relatively few documents. Consequently, the trial was not as protracted as initially indicated. The Government, upon the trial, introduced more than 230 documentary exhibits and defendant introduced 75 exhibits. The trial lasted 11 days.

■ There is no statutory bar to the appointment of more than one lawyer. The Plan of this Court for the appointment of counsel does not preclude appointment of more than one lawyer. It does not appear that the Chief Judge of this Circuit has been asked in any other case to approve compensation for more than one lawyer where the combined amount exceeds $500.00.

In the Third Circuit, the rule is that more than one lawyer may present a claim for representing a defendant in a criminal case "for protracted representation under extraordinary circumstances". United States v. Kingston, 256 F.Supp. 859 (W.D.Pa.1966) (opinion of Chief Judge Staley of the Third Circuit).

In the *Kingston* case, Judge Staley points out that immediately following the enactment of The Criminal Justice Act of 1964, the matter of the appointment of more than one lawyer came to the attention of the committee to implement the Act which had been appointed by the Judicial Conference of the United States. Judge Staley cites in his opinion the committee's approval of dual representation in capital cases where the attorneys would be entitled to file claims for compensation up to the statutory ceiling of $500.00, without the approval of the chief judge of the circuit. With respect to non-capital cases, it appears that the committee was of the view that the matter should be left to coverage by the district court plans. Judge Staley, although agreeing that the appointment of more than one lawyer is permissible under the Act, announced the rule in that Circuit as follows: "unless the case involves a charge of a capital offense, or falls within the Act's exception for *protracted representation under extraordinary circumstances,* * * * attorneys appointed as co-counsel to represent an individual defendant must file a joint claim for compensation for services, and the aggregate compensation may not exceed the statutory ceiling of $500.00 for a felony case, or $300.00 for a misdemeanor". (Emphasis original, opinion p. 860).

■ What cases present "extraordinary circumstances" and what constitutes "protracted representation", obviously, are not subject to precise defini-

---

3. Defendant was a reindicted on June 30, 1967 and charged with the same twelve felonies.

4. The trial date was later changed to July 24, 1967.

tion. Each case must be judged by its peculiar facts. However, from a reading of the few reported opinions, certain general criteria seem to be emerging. It appears that compensation in excess of the $500.00 limit has been paid for services rendered in cases where the trial exceeded two weeks of time spent in court. United States v. Dodge, 260 F. Supp. 929 (S.D.N.Y.1966) (opinion of Chief Judge Lumbard, Second Circuit); United States v. Pope, 251 F.Supp. 234 (D.Neb.1966) (approved by Chief Judge Vogel, Eighth Circuit); United States v. Hanrahan, 260 F.Supp. 728 (D.D.C.1966) (opinion of Chief Judge Bazelon, D.C. Circuit). Another criterion appears to be that compensation in excess of the statutory limit will be allowed where a great deal of time is required to be spent by counsel out of court in preparation. United States v. Pope, supra, 251 F. Supp. p. 237; United States v. Hanrahan, supra.

In the instant case, the trial lasted 11 court days. Counsel for defendant were required to appear in court a part of five additional days for a new plea and arraignment, two pretrial conferences, pretrial motions, decision and sentence. As indicated above, 49 hours were spent by one lawyer in out of court preparation and 17 hours by the other. The court believes that, because of the large number of documents involved in the trial and the large number of counts, the time spent in preparation out of court was "reasonably spent".[5] However, the court compensates here only for those hours shown to have been spent in and out of court after appointment. The court also feels that the appointment of two lawyers, under the circumstances of this case, greatly expedited the presentations of the evidence and greatly reduced the amount of trial time which might have been involved if only one lawyer for defendant was present.

It seems fair to this court to regard this particular criminal trial (involving a defendant charged with multiple felonies, in which many hours of preparation were required, in which complicated commercial transactions were involved, in which the trial exceeded two weeks, and in which approximately 300 documents were introduced) as an "extraordinary circumstance" requiring "protracted representation".

With the foregoing considerations in view, the court fixed compensation at the following rates: $10 per hour for 51½ hours of time spent in court by the first lawyer; $10 per hour for 33 hours of time spent in court by the second lawyer; and $10 per hour for 10 hours of time spent out of court by the second lawyer, making a total of $945.00. This amount, if approved by the Chief Judge of this Circuit, may be regarded by the lawyers as a single claim and divided as they see fit.[6] The out-of-pocket expenses claimed, totaling $33.00, are allowed.

---

5. Defense counsel were permitted to inspect before trial documents which the Government intended to introduce.

6. The lawyers in this case are not partners.