**UNITED STATES of America,
Appellee,**

v.

**Paul ODDO and Lucien Madere,
Appellants.**

**No. 499, Docket 72–1830.**

United States Court of Appeals,
Second Circuit.

Submitted Jan. 12, 1973.

Decided March 12, 1973.

————◆————

Before LUMBARD, KAUFMAN and MANSFIELD, Circuit Judges.

PER CURIAM:

Paul Oddo and Lucien Madere appealed from judgments of conviction, entered on June 30, 1972, for various narcotics violations. Elliot Taikeff, Esq., who was a personally retained counsel for Madere in the district court, moved the Court of Appeals for an order under the Criminal Justice Act appointing him to represent Madere on appeal. He filed an affidavit stating that Madere was unable to afford retained counsel. By order dated November 27, 1972, Taikeff was appointed to represent Madere on appeal. Oddo was represented at trial and on appeal by his retained counsel, Rosner & Rosner. The convictions were affirmed in open court on January 10, 1973, 471 F.2d 647.

A single brief was filed in the Court of Appeals in behalf of both Oddo and Madere by Graham Hughes, Esq., indicating that he was serving "of counsel" for both appellants. When the appeal was heard by the Court on January 10, 1973, Mr. Hughes appeared and argued in behalf of both appellants. On January 12, 1973, Mr. Taikeff submitted a voucher to the presiding judge of the panel, requesting compensation for services and expenses rendered in prosecuting the appeal. The voucher indicated that one hour had been spent in court and twenty-nine hours out of court preparing the appeal. Under the Criminal Justice Act, in-court services are to be compensated at the rate of $30 per hour and out-of-court services are compensable at $20 per hour. In addition, Mr. Taikeff requested payment in the amount of $143.81 for the cost of reproducing the brief. The total amount of compensation requested was $753.81.

Although the Clerk's calendar for January 10, 1973 indicates that oral argument on this appeal lasted from 10:30 to 11:03, Mr. Taikeff requested compensation for one hour of in-court time. In addition, a request for compensation in the amount of $143.81 for the cost of reproducing briefs in an assigned counsel matter, where the general practice is to request permission to file four typewritten briefs, seemed most unusual. In view of these and other facts, the presiding judge requested Mr. Taikeff to submit an affidavit explaining the voucher in greater detail and describing the events that led to the assignment of Mr. Hughes, who was not appointed by the Court, to serve "of counsel" on the appeal. Mr. Taikeff filed an affidavit, dated February 26, 1973, accompanied by an affidavit from Mr. Hughes, dated March 1, 1973. Mr. Taikeff stated that

he had received some compensation for his work at trial in behalf of Madere. But, although Mr. Taikeff had asked this Court to appoint him to represent Mr. Madere on appeal, he states in his affidavit:

> Because of my strong preference to confine my professional activities to the trial level, I contacted my personal friend and colleague Professor Graham B. J. Hughes of the New York University School of Law, a member of the Bar of this Court. I told Professor Hughes that I wanted him to write the brief for the appellant Madere and that I would pay him for his work.

It appears further, that Mr. Taikeff agreed to pay Mr. Hughes at the rate of $15 per hour. Shortly thereafter, according to the affidavit submitted by Mr. Hughes, an arrangement was made between Mr. Hughes and the firm of Rosner & Rosner, Oddo's retained counsel, under which Mr. Hughes agreed to serve "of counsel" for Oddo's appeal as well. According to Mr. Hughes, this "seemed a suitable arrangement since the issues were the same for both appellants." Mr. Hughes informed the firm of Rosner & Rosner of his compensation agreement with Mr. Taikeff and it was agreed that Mr. Hughes would be paid $800 for his services in behalf of the appellant Oddo. Because of this, Mr. Hughes has, *sua sponte*, allocated half of his time spent in preparing the appeal to Madere and it is for this work that Mr. Taikeff has requested compensation under the Criminal Justice Act. Finally, it should be noted that Mr. Taikeff, in his affidavit, requests additional compensation for three hours of out-of-court work, representing the time he spent discussing this matter with a representative of the Court, reviewing the file and correspondence to and from Mr. Madere, and preparing the affidavit to which we have referred.

As we have indicated, Mr. Hughes read the trial record, researched the case, wrote the brief and argued the appeal in behalf of Oddo and Madere. For all practical purposes he was counsel for the appellants. Mr. Hughes, however, is not on this Court's panel of attorneys who are eligible for appointment under the plan implementing the Criminal Justice Act. Nor was there any application to the Court to appoint him under the Criminal Justice Act to represent Madere *pro hac vice*. This type of "independent contracting" by an appointed counsel cannot be condoned by the Court. It is inconsistent with the purposes of the Criminal Justice Act and the responsibility of the Court to approve those who may accept appointments pursuant to the Act. In short, it removes control over the assignment of appointed counsel from the judicial branch and places it in the hands of private counsel. Merely for the sake of illustration, and without implying that the following example exhausts the range of evils inherent in such a practice, we note that although compensation under the Criminal Justice Act is $30 per hour for in-court work and $20 per hour for out-of-court work, the arrangement between Mr. Hughes and Mr. Taikeff called for payment by Mr. Taikeff of $15 per hour for services performed by Mr. Hughes. Were we to exclude the unnecessary and excessive sum requested by Mr. Taikeff for reproducing briefs, and ignore the irony of his asking to be compensated for time spent in discussing and preparing the affidavit to which we have referred, Mr. Taikeff's request for compensation would amount to $580. Mr. Taikeff will be compensating Mr. Hughes for 30 hours of work, at $15 per hour, or a total of $450. Quite frankly, the reason for Mr. Taikeff's belief that he is entitled to have the government subsidize him in the sum of $130—the difference between the compensation he has requested and the sum he is actually paying Mr. Hughes—escapes us.

In light of the foregoing, Mr. Taikeff's request for compensation for services performed in connection with the appeal of Lucien Madere is hereby denied.