UNITED STATES of America, Plaintiff,

v.

John W. HINCKLEY, Jr., Defendant.

Crim. A. No. 81–0306.

United States District Court,
District of Columbia.

July 28, 1989.

See also, 672 F.2d 115.

Jay B. Stephens, U.S. Atty., John O. Burch, Thomas Zeno, Richard Chapman, Asst. U.S. Attys., Washington, D.C., for plaintiff.

BettyJo T. Jones, Mark Lane, Janet Maher, Asst. Corp. Counsel, St. Elizabeths Hosp., Legal Office, Washington, D.C., for defendant.

## MEMORANDUM

JUNE L. GREEN, District Judge.

This matter is before the Court on defendant, John W. Hinkley, Jr.'s Motion for Appointment of Counsel and Motion for Leave to Proceed *Pro Hac Vice*. Upon consideration of both motions and the entire record herein, the Court grants defendant's Motion for Appointment of Counsel but denies his Motion for Leave to Proceed *Pro Hac Vice*.

### I. *Background*

Defendant John W. Hinckley, Jr., has been committed to the custody of St. Elizabeths Hospital since August 10, 1982, pursuant to an Order of the Court and 24 D.C.Code § 301(d) (1981). *See* Findings and Order, dated August 10, 1982. In recent months he has expressed his desire to obtain new legal counsel for his ongoing representation. *See* Petition to Change Legal Counsel, dated March 1, 1989; Petition for Hearing to Resolve the Matter of Attorney Change, dated April 3, 1989. In response to that request, this Court conducted a hearing on April 20, 1989. At that time, the Court excused from the case Mr. Hinckley's previous counsel, Vincent Fuller and Judith Miller, and ordered that Mr. Hinckley be permitted to conduct interviews of "such attorneys of his choice who[m] he may wish to engage as substitute counsel" for his defense. Order, dated April 20, 1989. Mr. Hinckley explained at the hearing that, while he was indigent at that time, he did not seek appointed

counsel and would make independent arrangements for retaining an attorney. In particular, he expressed an interest in acquiring the services of Mark Lane of the New York Bar.

Mr. Hinckley next registered his intentions with the Court through two motions filed on his behalf on July 12, 1989. In the first motion, Mr. Hinckley and Russell F. Canan of the D.C. Bar explain Mr. Hinckley's financial indigence and his desire to gain appointment of Mr. Canan through the Criminal Justice Act, 18 U.S.C. § 3006A (1982). Defendant's Motion for Appointment of Counsel at 1–2. They also relate Mr. Hinckley's ultimate goal of securing the *pro hac vice* admission of Mark Lane to the case, so that he and Mr. Canan may "associate together to represent" Mr. Hinckley. *Id.* at 2.

The second motion presents Mr. Lane's general qualifications and notes his "numerous" meetings with Mr. Hinckley, through which Mr. Lane "has agreed to serve as counsel with Mr. Canan for Mr. Hinckley," *without* "seek[ing] appointment pursuant to the Criminal Justice Act." Motion for Leave to Proceed *Pro Hac Vice* at 1. It provides no information related to division of responsibilities between the two counsel or compensation of Mr. Lane. *See generally id.*

## II. *Discussion*

■■■ The Court wishes to make clear at the outset that it has no quarrel with Mr. Hinckley's desire to retain adequate counsel of his choice—be it Mark Lane or any other competent attorney. However, if Mr. Lane is the counsel of choice, Mr. Hinckley has selected the wrong avenue to his employment.

The Criminal Justice Act ("the Act" or "CJA") provides, in part, the following process for local adoption of rules designed to assure "[a]dequate representation of defendants":

(a) *Choice of plan*
Each United States district court, with the approval of the judicial council of the circuit, shall place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain adequate representation in accordance with this section....

Criminal Justice Act of 1964, 18 U.S.C. § 3006A(a) (1982). As to designation of approved counsel, the Act provides, in pertinent part:

(b) *Appointment of counsel*
Counsel furnishing representation under the plan shall be selected from a panel of attorneys, designated or approved by the court, or from a bar association, legal aid agency, or defender organization furnishing representation pursuant to the plan....

18 U.S.C. § 3006A(b).

The United States District Court for the District of Columbia maintains a consolidated list of CJA panel attorneys. Russell F. Canan is an approved CJA attorney on that list. Given that fact, and in light of Mr. Hinckley's affidavit supporting his claim of financial indigence submitted with his motion for appointment of counsel, the Court appoints Mr. Canan to represent Mr. Hinckley pursuant to the CJA.[1] However, the Court will not approve the further designation of Mark Lane as *pro hac vice* counsel to the CJA attorney in the case since such an arrangement is contrary to the purposes of the Act and the guidelines and plan for its local enforcement.

The language of the Act itself, quoted above, does not contemplate any use of CJA appointments for *pro hac vice* counsel. However, the Judicial Conference of the United States anticipated limited occasions for *pro hac vice* appointments in the guidelines it promulgated to assist district courts in administering the Act. After cit-

---

**1.** The Court is not constrained to appoint Mr. Canan simply because he qualifies under the Act. This Court's plan for administration of the Act provides explicitly that "[t]he appointment of [CJA] counsel is the province of the judge. The [defendant] shall not have the right to select appointed counsel from the panel of attorneys or otherwise." *Plan* of the United States District Court for the District of Columbia Pursuant to the Criminal Justice Act of 1964, as Amended ("Local Plan") § IV.B. However, the Court can see no reason not to oblige Mr. Hinckley's request.

ing the Act's requirement that appointed counsel be selected from a plan-approved panel, the guidelines state:

> However, when the district judge presiding over the case ... determines that the appointment of an attorney, who is not a member of the CJA panel, is in the interest of justice, judicial economy or continuity of representation, or there is some other compelling circumstance warranting his or her appointment, the attorney may be admitted to the CJA panel *pro hac vice* and appointed to represent the CJA defendant. Consideration for preserving the integrity of the panel selection process suggests that such appointments should be made only in exceptional circumstances. Further, the attorney, who may or may not maintain an office in the district, should possess such qualities as would qualify him or her for admission to the district's CJA panel in the *ordinary course of panel selection.*

Administrative Office of the United States Courts, *Guide to Judiciary Policies and Procedures,* Vol. VII, Section A, *Guidelines for the Administration of the Criminal Justice Act* ("CJA Guidelines") § 2.01 D (emphasis added). This Court has adopted a local plan, approved by the Circuit Judicial Council, which mirrors this *pro hac vice* provision. Local Plan § II.G. *Pro Hac Vice Admission.*

Thus, the Court should be satisfied, before approving a *pro hac vice* CJA appointment, that "exceptional circumstances" exist, as described in the CJA Guidelines provision, and that the proposed *pro hac vice* counsel would qualify for ordinary panel selection. In this district, that means the applicant "must be [a] member[ ] in good standing of the bar of this Court...." Local Plan § II.C. *Application for Panel Membership.* Mr. Lane lacks that qualification, and its absence is fatal to Mr. Hinckley's request.

These limitations imposed under the Act by the Local Plan are not mere formalities. They are safeguards to the proper administration of the Act, designed to ensure that its process and funds are not employed to promote an individual defendant's preferences at the expense of the Act's fundamental purpose. Thus, CJA counsel are not meant to serve merely as nominal "local counsel" for the acquisition of *pro hac vice* counsel from other jurisdictions. The Local Plan's requirement that even *pro hac vice* counsel be admitted locally makes that point clear. Rather, the *pro hac vice* provision affords a limited opportunity for the defendant to seek another, *locally*-admitted counsel *instead* of an assignment from the CJA panel.[2]

█ Of course, this Court approves the familiar procedure of a defendant's retaining directly a qualified local attorney who in turn moves the Court for *pro hac vice* admission of competent counsel from another jurisdiction. In fact, the Court anticipated that Mr. Hinckley would pursue such an arrangement following his remarks at the April 20th hearing. However, the Court cannot allow the Criminal Justice Act to be employed in a manner which is contrary to its purpose and design.

### III. *Conclusion*

For the reasons set forth above, the Court grants John W. Hinckley, Jr.'s Motion for Appointment of Counsel to the extent of assigning Russell F. Canan as his CJA attorney. The Court denies Mr. Hinckley's Motion for Leave to Proceed *Pro Hac Vice* with Mark Lane as counsel.

---

**2.** That is not to say there may not be occasions in which the appointment of more than one attorney for a defendant is warranted. *See United States v. Aadal,* 280 F.Supp. 866, 868 (S.D.N.Y.1968). *See also Welch v. United States,* 466 A.2d 829, 841–42 n. 10 (D.C.1983); CJA Guidelines § 2.11. Such appointments must be supported by exceptional circumstances and approved by the Court. *See Aadal,* 280 F.Supp. at

868–69. Otherwise, the supplementation of assigned counsel may become an opportunity for "independent contracting" beyond the scope of the Act and the control of the Court. *See United States v. Oddo,* 474 F.2d 978, 980 (2d Cir.1973) (denying the billing of a non-panel attorney's fees through the assigned CJA counsel's vouchers pursuant to an agreement between the two attorneys to represent jointly a CJA defendant).