F I L E D
United States Court of Appeals
Tenth Circuit

APR 9 2001

PATRICK FISHER
Clerk

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDGAR ROMERO-GALLARDO,

Defendant-Appellant.

No. 00-4160

---

**ORDER**

---

Before **TACHA** , Chief Judge, **EBEL** and **LUCERO** , Circuit Judges.

---

This matter is before the court on an application for attorney compensation under the Criminal Justice Act, 18 U.S.C. § 3006A. The voucher in question was submitted by defendant-appellant's initial counsel, who withdrew and was replaced by the Federal Public Defender pursuant to an order of the court issued January 19, 2001. A portion of the time included on counsel's voucher relates to work done after that date. We publish the present order to settle a basic legal question concerning the bounds of our authority under the Act: may the court approve compensation for work done by former CJA counsel following the formal

termination of representation?  Based on the structure and purpose of the Act, as well as relevant guidelines and case law, we hold the Act does not authorize the court to approve such compensation.

The Act refers throughout to "representation" for indigent defendants and corresponding "payment for representation" for "appointed" counsel.  Nowhere does it suggest that courts may compensate efforts by counsel outside the bounds of the professional relationship created by formal appointment.  On the contrary, in the one situation where the Act makes explicit allowance for professional work done nominally outside that relationship–i.e., when counsel performs services in anticipation of a formal appointment–it does so by permitting the court to make the appointment retroactive.    *See* § 3006A(b).  This provision for nunc pro tunc appointment would be superfluous if formal representation were not a prerequisite to compensation under the Act.  When, as here, counsel's appointment has been terminated, there is thereafter a similar absence of formal authorization, but, unlike the retroactive situation, the prospective extension of an appointment beyond its termination makes no sense, and the Act makes no provision for it.

Further, allowing compensation for services performed after withdrawal and substitution would effectively enable former CJA counsel to create ad hoc multiple-representation situations outside the limited circumstances contemplated by the governing guidelines.  These do not allow for multiple counsel except

"[i]n an extremely difficult case where the court finds it in the interest of justice to appoint an additional attorney." VII Guide to Judiciary Policies and Procedures, Ch. II, § 2.11(A) & (B). Should more than one attorney work on a case for which multiple representation has not been not approved, only the attorney appointed under the Act may properly be compensated. [1] *See United States v. Nakamura*, 577 F.2d 485, 487-88 (9th Cir. 1978). Indeed, when only one attorney has been appointed, another cannot be compensated for providing representational efforts, even if "[f]or all practical purposes he was counsel for appellants." *United States v. Oddo*, 474 F.2d 978, 980 (2d Cir. 1973) (denying CJA compensation for work of non-appointed attorney who "read the trial record, researched the case, wrote the brief and argued the appeal").

As CJA matters rarely generate published decisions, there is no precedent addressing the specific issue of compensation for work done after termination of an appointment. But, the *sine qua non* of representation-pursuant-to-appointment has been recognized in a number of other CJA contexts. Indeed, the categorical denial of compensation for the extensive efforts of non-appointed counsel in *Nakamura* and *Oddo,* cited above, clearly reflects the mandatory nature of proper

---

[1] The guidelines do, however, allow appointed counsel to seek compensation on his or her own voucher for professional assistance provided by a partner or associate from the same law firm. *See* VII Guide to Judiciary Policies and Procedures, Ch. II, § 2.11(A).

appointment under the Act. The same basic principle is evident in *United States v. Salemo*, 81 F.3d 1453 (9th Cir. 1996), which held the Act "does not authorize a district court to compensate advisory counsel requested by a defendant *who has waived his right to representation*," because it authorizes payment only "for the services of an attorney *appointed to represent* an indigent defendant." *Id.* at 1460 (emphasis added). In *Salemo*, it was the defendant's waiver of counsel, rather than the court's appointment of a different attorney, that effectively undermined the formal representational status necessary for CJA compensation, but the basic deficiency was ultimately the same. Finally, it is instructive to note that, in *United States v. McIntosh*, 808 F. Supp. 760 (D. Colo. 1992), the district court approved compensation for professional services afforded by CJA counsel even after pending charges had been dismissed against the defendant, *because counsel's appointment had not yet been terminated by court order at the time*. *Id.* at 763.

In keeping with the language and aims of the Act, as well as the thrust of the pertinent guidelines and case law, we conclude that this court lacks authority to grant compensation to counsel for hours billed after her formal withdrawal from representation. Her voucher must therefore be modified to categorically exclude such time.

Finally, it is important to clarify how counsel's professional responsibilities attendant upon withdrawal fit within the compensatory framework of the Act. It is essential that counsel prepare the case file for transfer to substitute counsel as thoroughly and efficiently as possible. Our holding here, that the Act does not authorize compensation for work done after withdrawal, is not intended in any way to detract from or shift that responsibility. CJA counsel must still take all reasonable steps, including the preparation of appropriate correspondence and/or memoranda to the file, necessary to facilitate subsequent representation of the defendant by substitute counsel. Our holding should merely encourage prompt completion of these tasks prior to formal withdrawal from the case.

Entered for the Court
PATRICK FISHER, Clerk

By:
       Deputy Clerk