UNITED STATES of America,
Appellant,

v.

Econuel PERRY, Jr., et al., Appellees.

No. 71-1106.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 20, 1972.

See also D.C.Cir., 471 F.2d 1057.

Mr. David B. Lamb, Washington, D. C., was on the petition.

On Petition of Mr. David B. Lamb for Reappointment as Counsel for Co-appellee Beard, Pursuant to the Criminal Justice Act of 1966

Before WRIGHT, ROBINSON, and WILKEY, Circuit Judges.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

David B. Lamb, petitioner herein, seeks reappointment under the Criminal Justice Act of 1966 [1] as counsel for co-appellee Beard in this case. On February 20, 1970, pursuant to the Act, the District Court appointed Mr. Lamb to represent Beard in the proceedings pending therein. On January 4, 1971, the Government took this appeal from an order suppressing testimony and Mr. Lamb, without benefit of a further appointment, has represented Beard on

1. Pub.L. 88-455, 78 Stat. 552 (1964), as amended, 18 U.S.C. § 3006A (1970).

appeal.[2] Reappointment by this Court is requested *nunc pro tunc* as of January 4, 1971, to enable Mr. Lamb to obtain compensation under the Act for the services rendered since.

In our consideration of this request, we have been troubled by a decision in the Second Circuit. In United States v. Thompson,[3] an attorney appointed by the District Court prior to the Criminal Justice Act performed the bulk of his appellate services after August 20, 1965, the effective date of court plans under the Act.[4] The Court of Appeals, however, declined to reappoint him, *nunc pro tunc* as of a date subsequent to August 20, 1965, in order to permit compensation for the services after that date. The court pointed out that counsel, once appointed, was required to continue his representation unless and until officially relieved, and so no further order of appointment was required to authorize him to represent his client on appeal.[5] The court felt, moreover, that

> In administering funds appropriated by Congress, we are not authorized to approve payments for services rendered or for reimbursement of expenses incurred unless the services were rendered or the expenses were incurred pursuant to an order appointing counsel entered on or after August 20, 1965. Entry now of a *nunc pro tunc* order of reappointment as of a date subsequent to August 20, 1965 to permit compensation for services rendered subsequent thereto would be

contrary to what we understand to be the intention of Congress with respect to the administration of funds appropriated under the Criminal Justice Act.[6]

In our case, unlike *Thompson,* counsel was originally appointed, and he rendered all of his services, long after the Act took effect,[7] but that difference hardly distinguishes *Thompson.* The rationale of that decision appears to be that services are compensable only if rendered after an appointment under the Act, and that such an appointment cannot be made retroactively.[8] For this reason, we have pondered the matter before us and, while we conclude that Mr. Lamb's petition should be granted, we think we might profitably convey our thoughts on the problem.

■ With all deference to *Thompson,* we cannot agree with the proposition it apparently establishes. While, of course, services rendered prior to the effective date of the Act are noncompensable,[9] those rendered subsequent thereto need add only an appointment to qualify for compensation.[10] And the point at which the appointment is made would seem to be relatively immaterial so long as it occurs after the effective date of the Act. In United States v. Pope,[11] two attorneys originally appointed before the Act took effect were reappointed after that date, and the court, disagreeing with one facet of the reasoning in *Thompson,* said:

> It does not follow that, because no further order of appointment was re-

---

2. Under the plans then in operation in the District of Columbia, see 18 U.S.C. § 3006A(a) (1970), the District Court's appointment of Mr. Lamb did not ipso facto entitle him to compensation under the Act for representation on the appeal. Rather, a reappointment by this court was necessary for that purpose.

3. 356 F.2d 216 (2d Cir.), cert. denied, 384 U.S. 964, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1965).

4. United States v. Thompson, *supra* note 3, 356 F.2d at 227 n. 12. See also Pub.L. No. 88–455, § 2, 78 Stat. 552 (1964).

5. 356 F.2d at 227 n. 12.

6. Id.

7. The Act required the courts to place their plans in operation within one year from August 20, 1964, the date of passage of the Act. Pub.L. No. 88–455, § 2, 78 Stat. 552 (1964).

8. See text *supra* at note 6.

9. *E. g.,* Dolan v. United States, 351 F.2d 671, 672 (5th Cir. 1965).

10. See 18 U.S.C. § 3006A(b), (d) (1970).

11. 251 F.Supp. 234 (D.Neb.), aff'd, 372 F.2d 710 (8th Cir. 1967).

quired to authorize the attorney to represent the defendant, none could properly be made. There is nothing in the Criminal Justice Act to indicate that it was to be applied only to appointments originally made after August 20, 1965. . . . Since the Court has the power to make an appointment at any stage in the proceedings, an appointment timely made pursuant to the Act would entitle counsel to the benefits provided by the Act from that date forward. This reasoning is consistent with the purpose and the plain language of the Act.[12]

■ In the instant case, Mr. Lamb could have been appointed prospectively at any time, and we perceive no barrier to an appointment *nunc pro tunc* as of January 4, 1971, when the appeal was taken, in order to qualify him for compensation for services after that date. We simply cannot identify the congressional intention inimical to retroactive appointments of which *Thompson* speaks.[13] But whatever reservations might be entertained as to retroactive appointments under the Act in its original form, we think the 1970 amendments of the Act[14] should completely dispel them. Those amendments expressly authorize retroactivity, at least to the extent of covering representation of an arrestee during the pre-presentment period. The appointment, the Act now broadly provides, "may be made retroactive to include any representation furnished pursuant to the plan prior to appointment." [15] The House Committee on the Judiciary has explained its purpose:

> Since representation necessarily precedes the stage of formal appointment of counsel, it is not possible to determine whether the counsel will be eligible for compensation under the act until the arrested person appears before the United States magistrate or court. If the magistrate or court finds the person financially unable to obtain an adequate defense, compensation will be made retroactive to cover time expended by the attorney during the arrest period. . . .
>
> Although this procedure does not guarantee compensation for the attorney who represents an arrested person prior to a finding of financial inability to pay, the committee feels that it is consistent with the purpose of the act. U.S.Code Congressional and Administrative News (1970) p. 3987.[16]

■ Retroactivity in an appointment, then, is not a vice; it may be "consistent with the purpose of the [A]ct." We think Mr. Lamb's retroactive reappointment would harmonize fully with the manifest aim of Congress to alleviate the burden of representing indigents accused of crime.[17] We will accordingly

---

12. 251 F.Supp. at 238. See also Ray v. United States, 367 F.2d 258, 260 n. 1 (8th Cir. 1966).

13. We distinguish situations of the type presented in United States v. James, 301 F.Supp. 107, 141 (W.D.Tex.1969). There the court denied a motion for prospective appointment of counsel for two defendants who were unable to further pay for continued representation in the case. While we intimate no view on this holding, we note that no problem of retroactivity was involved and, as the court observed, "[a]llowing compensation under this Act in such circumstances would open the door to indigent defendants choosing the lawyer whom they wanted, from any division or district they chose, and having the attorney appointed after he made his appearance in the case." *Id.* Since Mr. Lamb has already been appointed by the District Court to represent Beard, we do not confront that difficulty here.

14. Pub.L. No. 91–447, § 1, 84 Stat. 916 (1970), codified 18 U.S.C. § 3006A (1970).

15. 18 U.S.C. § 3006A(b) (1970).

16. H.R.Rep. No. 91–1546, 91st Cong., 2d Sess. at 7 (1970). See, to the same effect., S.Rep. No. 91–790, 91st Cong., 2d Sess. at 4–5 (1970).

17. See S.Rep. No. 91–790, 91st Cong., 2d Sess. at 2 (1970) ; H.R.Rep. No. 91–1546, 91st Cong., 2d Sess. at 4 (1970) ; United States v. Pope, *supra* note 11, 251 F.Supp. at 238.

reappoint him *nunc pro tunc* as of January 4, 1971, the date on which this appeal began. That reappointment will authorize the same compensation—no more, but certainly no less—than would have been payable had an appointment actually been made on that date.[18]

So ordered.

18. The 1970 amendments to the Act increased the rates of compensation. See 18 U.S.C. § 3006A(d)(1), (2) (1970). Those amendments became effective subsequent to January 4, 1971. Pub.L. No. 91–447, § 3, 84 Stat. 916 (1970). Mr. Lamb is, of course, to be compensated at the old rates for services to and including February 11, 1971, and at the new rates for services rendered thereafter.