UNITED STATES of America, Appellee,

v.

**Lee ALEXANDER,
Defendant–Appellant.**

**No. 898, Docket 89–1457.**

United States Court of Appeals,
Second Circuit.

Argued April 3, 1990.

Decided April 12, 1990.

Harold J. Boreanaz, Buffalo, N.Y. (Boreanaz, Baker & Humann, of counsel), for defendant-appellant.

Louis M. Fischer, Atty., Dept. of Justice, Washington, D.C. (Frederick J. Scullin, Jr., Syracuse, N.Y., U.S. Atty. for N.D.N.Y., Joseph A. Pavone, Chief Asst. U.S. Atty. for N.D.N.Y., of counsel), for appellee.

Before FEINBERG, TIMBERS and PRATT, Circuit Judges.

PER CURIAM:

Harold J. Boreanaz and James R. McGraw, counsel for defendant Lee Alexander (the former Mayor of Syracuse, New York), appeal from a September 6, 1989 order of the United States District Court for the Northern District of New York, Thomas J. McAvoy, J., granting the government's motion for specific performance of Alexander's plea agreement, and ordering counsel to turn over two checks (for $32,242.84 and $10,000 respectively) and 121 precious coins that they had recovered from Alexander's overseas bank accounts and safe deposit boxes. This is the fourth time that various aspects of this case have come before us, and familiarity with our three prior opinions is presumed. See *United States v. Alexander*, 869 F.2d 91 (2d Cir.1989); *United States v. Alexander*, 860 F.2d 508 (2d Cir.1988); *In re N.D. N.Y. Grand Jury Subpoena # 86-0351-S (United States v. A Grand Jury Witness)*, 811 F.2d 114 (2d Cir.1987).

When this case was last before us, Alexander's counsel argued that "at the time of the agreement it was understood that attorneys' fees would be paid from some of Alexander's assets." 869 F.2d at 96. We remanded to the district court to determine what the signatories to the plea agreement (the government, Alexander and his counsel) "reasonably understood" to be its terms. Id.

On remand, the district court determined that the agreement did not allow counsel to withhold from the illegally obtained assets to be surrendered to the government a portion for the payment of attorney's fees, and that counsel's belief to the contrary was unreasonable. Judge McAvoy thus ruled that counsel could not keep as attorney's fees the items now in contention.

Counsel now appeal this order, making only two arguments to us. First, they contend that the government failed to prove breach of the plea agreement by a preponderance of the evidence, because there was no evidence that the items at issue were the proceeds of Alexander's illegal activities. We are not persuaded by this argument, and reject it substantially for the reasons stated in the memorandum opinion of Judge McAvoy, to be reported at 736 F.Supp. 1236 (N.D.N.Y.1989).

In addition, counsel assert that the district court erred in admitting, as Exhibit Two, a portion of the transcript of Alexander's testimony before the grand jury in April 1989 concerning the details of his movement of money out of the United States into overseas bank accounts and safe deposit boxes; counsel argue that this testimony is inadmissible hearsay under Fed.R.Evid. 801. As indicated above, the basic question before the district court on remand was whether Alexander breached the plea agreement by allowing assets subject to forfeiture under the agreement to be used to pay attorney's fees. In admitting Exhibit Two as an in-camera, sealed document, the district court reasoned that the testimony was clearly admissible against Alexander, who was a party to the plea agreement; that it was relevant and material; and that counsel's constitutional

rights were not violated by its admission. We agree. Moreover, as the government persuasively argues, the testimony covers the same ground as a stipulation between counsel and the government, filed on July 7, 1989. We conclude that the district court did not err in admitting the transcript.

The order of the district court is affirmed.