**UNITED STATES of America,**

v.

**Lee ALEXANDER, Defendant.**

**James R. McGraw, Attorney, Movant.**

**No. 87–CR–137.**

United States District Court,
N.D. New York.

Aug. 10, 1990.

Frederick J. Scullin, Jr., Syracuse, N.Y., Paula Ryan Conan, of counsel, for U.S.

John Kinsella, Syracuse, N.Y., for movant.

ORDER

McAVOY, District Judge.

James R. McGraw, one of defendant Lee Alexander's two privately-retained counsel, has moved pursuant to 18 U.S.C. § 3006A for appointment as counsel to Mr. Alexander retroactive to September 1986 and for waiver of the maximum compensation limits under the Criminal Justice Act. Familiarity with the facts of this case is presumed. *See United States v. Alexander,* 736 F.Supp. 1236 (N.D.N.Y.1989), *aff'd,* 901 F.2d 272 (1990) (per curiam). The motion is denied. There is simply no authority under the Criminal Justice Act for this court to grant a motion not by a defendant but by an attorney to have himself appointed, and well after the underlying criminal action has ended at that, as defendant's counsel and then solely for the reason that his services rendered to the defendant have not been fully compensated. Moreover, even if there were authority to appoint Mr. McGraw as defendant's counsel had he been Mr. Alexander's only attorney, it cannot and will not do so here given that Mr. Alexander was represented by two privately-retained counsel in the underlying criminal proceeding. (The court also notes that Mr. McGraw has already received some $11,100 from Mr. Alexander and that Mr. Alexander's other attorney has already been paid some $30,000.) The court closes by observing that appointments under the Criminal Justice Act are made to protect the rights of the indigent accused at trial and on appeal; such appointments are not to be sought or made for the purpose of providing income to attorneys. *See United States v. Cook,* 628 F.Supp. 38, 41 (D.Colo.1985); *United States v. James,* 301 F.Supp. 107, 128–129 (W.D.Tex.1969); 18 U.S.C. § 3006A(a), (b), and (c) (1985 and Supp 1990). All the more is this so given that the underlying criminal proceeding has long since ended; in short, the purposes of the Criminal Justice Act simply would not be served here.