UNITED STATES,

v.

Richard J. CALLE, Defendant.

Thomas F.X. Dunn, Attorney, Movant.

No. 00–CR–0800(NGG).

United States District Court,
E.D. New York.

Dec. 11, 2001.

Julie L. Myers, U.S. Attorney's Office, Brooklyn, NY, for U.S.

Thomas F.X. Dunn, New York City, Michael K. Schneider, Legal Aid Society, Brooklyn, NY, for defendant.

## MEMORANDUM & ORDER

GARAUFIS, District Judge.

Thomas F.X. Dunn, a privately retained attorney for defendant Richard J. Calle, moves pursuant to the Criminal Justice Act ("CJA" or "Act"), 18 U.S.C. § 3006A, to be appointed *nunc pro tunc* to August 13, 2001, as counsel for Mr. Calle. For the reasons discussed below, the motion is denied.

### Background Facts

From the time Mr. Calle was arrested in June 2000, until the entry of his not guilty plea on August 10, 2000, he alternatively appeared with court appointed counsel or *pro se.* On August 24, 2000, Mr. Dunn filed his notice of appearance as defense counsel for Defendant. As Mr. Dunn has explained to this court, he took on Mr. Calle's case knowing that Mr. Calle had little money and expecting that Mr. Calle would be unable to pay his fee. Nonetheless, as a long-time colleague of Mr. Calle, Mr. Dunn agreed to represent him in hopes of helping an acquaintance overcome a difficult situation. Because Mr. Calle had few financial resources, Mr. Dunn agreed to accept only $5,000 in fees prior to trial, and to continue working with the hope that after the trial ended they would be able to work out a payment plan for any

unpaid fees. Mr. Dunn, however, was well aware of the possibility that Mr. Calle would be convicted and that his financial situation would not improve.

After a year of discovery, as well as the filing of an additional indictment against Mr. Calle, trial began on August 27, 2001. What would normally have been a fairly short trial was unexpectedly delayed when jury deliberations had to be suspended as a result of the September 11, 2001 attack on the World Trade Center. Thus, jury deliberations which began on September 10, 2001 did not conclude until seven days later. While Mr. Calle was found not guilty on the first charge of mail fraud, and the jury was hung as to the second charge of mail fraud and as to the charge of conspiracy to commit mail or radio fraud, he was found guilty on the charge of obstruction of justice and is currently awaiting sentencing before this court. Subsequent to his conviction, Mr. Calle's financial situation only worsened and he has, to date, been unable to pay Mr. Dunn anything more than the initial $5,000.

## Appointment of Counsel and Attorney's Fees Pursuant to the CJA

■ The CJA was enacted to help protect the rights of indigent defendants by ensuring that they are provided adequate legal representation. 18 U.S.C. § 3006A(a); *United States v. Tutino*, 419 F.Supp. 246, 248 (S.D.N.Y.1976). Toward this end, the CJA provides legal fees to attorneys appointed pursuant to the Act, in order to alleviate the burden of representing an indigent defendant. *See United States v. Perry*, 471 F.2d 1069, 1070 (D.C.Cir.1972) (citing House and Senate Reports).

In accordance with the above purposes, the Act permits retroactive appointment for "any representation furnished pursuant to the plan prior to appointment." 18 U.S.C. § 3006A(b). The Act also allows that "[i]f at any stage of the proceedings, including an appeal ... the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d)...." § 3006A(c). While these provisions of the Act allow retroactive, or late-stage, appointments pursuant to the plan, this court has found little case law discussing the appropriateness of retroactively appointing, after the close of trial, a privately retained defense attorney who is not able to obtain full payment from his client. Those cases that have addressed this issue, however, agree that such retroactive appointments would not be consistent with the purpose of the CJA.

One district court in the Second Circuit has squarely held that where the defendant retained, and partially paid, private counsel for his criminal defense, retroactive appointment would counter the intended purpose of the CJA. In *United States v. Alexander*, 742 F.Supp. 54, 54 (N.D.N.Y. 1990), the defendant privately retained two attorneys. One attorney, Mr. McGraw, who had received $11,100 for his services, applied for retroactive CJA appointment and for a waiver of the maximum compensation limits in order to obtain payment for those fees his client had not been able to pay. *Id.* Emphasizing that CJA appointments are not "for the purpose of providing income to attorneys," the court held that, "[t]here is simply no authority under the Criminal Justice Act for this court to grant a motion not by a defendant but by an attorney to have himself appointed ... as defendant's counsel and then solely for the reason that his services rendered to the defendant have not been fully compensated." *Id.*

Similarly, a district court in Texas denied an application for CJA appointment by an attorney who was privately retained

by two clients who could no longer pay for his services as the trial progressed. *See United States v. James,* 301 F.Supp. 107 (W.D.Tex.1969). The attorney, Mr. Knickerbocker, agreed to represent two defendants he knew to be indigent because "he felt a moral and legal obligation to endeavor to assist them." *Id.* at 128. The attorney received a total of $426.00 dollars for his services, but as "it began to become evident that the case was going to last far longer than anyone anticipated" he applied for CJA appointment. *Id.* The court denied the application, reasoning that the CJA should not be used to pay an attorney "who took the case with open eyes, knowing at the time that his client was indigent." *Id.* at 129, 141. Moreover, the court noted that to grant appointment under such circumstances would allow for defendants to hire any attorney of their choice, not pursuant to the plan requirements, and use CJA funds to "bail out an attorney who failed to make adequate arrangements before accepting the representation of a criminal defendant." *Id.* at 141.

Circuit Courts have noted a district court's discretion to *reappoint* trial counsel, who is already representing the defendant as a court-appointed attorney, retroactively or prospectively, for the purposes of appealing a case. *See Miranda v. United States,* 458 F.2d 1179, 1182 n. 2 (2d Cir.1972) (reversing district court's certification that appeal was not taken in good faith and granting leave to defendant's court-appointed trial attorney to "request appointment and compensation under the Criminal Justice Act *nunc pro tunc* as of the date of the filing of the notice of the appeal"); *United States v. Perry,* 471 F.2d 1069, 1070–71 (D.C.Cir.1972) (holding it appropriate to reappoint counsel *nunc pro tunc* to date appeal was filed, where same attorney had already been appointed pursuant to the CJA for trial). These cases, however, do not address the issue of using retroactive appointment to recompense privately retained attorneys for unpaid fees. *See e.g. Perry,* 471 F.2d at 1070 n. 13 (distinguishing its grant of retroactive CJA appointment from a situation like that in *United States v. James,* in which the privately retained attorney was not paid in full by defendant).

While retroactive appointment of a privately retained attorney under the set of facts found in this case is *not clearly prohibited* by the Act or this Circuit, this court agrees with the rationale of *Alexander* and *James.* In the instant case, Mr. Dunn took on the representation of a practicing attorney with "open eyes" knowing that full payment was unlikely and knowing that in all likelihood the case would go to trial. Mr. Dunn worked out a fee arrangement which unfortunately was largely dependent on the outcome of the case and Mr. Calle's future finances. While this court is sympathetic to Mr. Dunn's present situation, especially in light of the elongated trial, it cannot justify using CJA funds to pay Mr. Dunn for fees his client is now unable to pay. Further, this court notes Mr. Dunn has already received $5,000 in compensation, only $200 short of the maximum he would be allowed, without a waiver, under the CJA. *See* 18 U.S.C. § 3006A(d)(2), (3). Under this set of circumstances, retroactive CJA appointment would not be consistent with the purpose of the Act. Accordingly, Mr. Dunn's application is DENIED.

SO ORDERED.