**UNITED STATES of America,**
**Appellee,**

v.

**William BYRD, also known as Boo Bird, also known as Boo,**
**Defendant–Appellant.**

**Docket No. 04–3607–CR.**

United States Court of Appeals, Second Circuit.

Argued: Feb. 1, 2005.

Decided: June 24, 2005.

Robert N. Convissar, Cohen & Lombardo, P.C., Buffalo, NY, for Defendant–Appellant.

James P. Kennedy, Assistant United States Attorney (Michael A. Battle, United States Attorney for the Western District of New York, on the brief), Buffalo, NY, for Appellee.

Before: WALKER, Chief Judge, CARDAMONE, Circuit Judge, and OWEN, District Judge.*

PER CURIAM.

Defendant-appellant William Byrd appeals from a judgment entered on May 16, 2004, in the United States District Court for the Western District of New York (Richard J. Arcara, *Chief Judge* ), convicting him, following his guilty plea, of conspiring to possess with intent to distribute 50 grams or more of cocaine base and a quantity of cocaine in violation of 21 U.S.C. § 846, and sentencing him principally to a term of imprisonment of 300 months.

Byrd's plea agreement required that he "provid[e] complete and truthful information regarding [his] knowledge of any and all criminal activity, whether undertaken by [himself] or others, in any way involving or related to the unlawful possession,

---

* The Honorable Richard Owen, United States District Judge for the Southern District of New York, sitting by designation.

manufacture or distribution of controlled substances." It also permitted the government to petition to be relieved of its obligations if the defendant breached the agreement. The plea agreement envisioned a Sentencing Guidelines range of 135 to 168 months with the possibility of going even lower. However, before sentencing, the government moved to be relieved of its obligations under the plea agreement. The court held a hearing and heard six witnesses and concluded that, by a preponderance of the evidence, Byrd, in violation of the express terms of the agreement, lied to the government about his drug trafficking relationship with David Williams and Daawood Naseer. Sufficient evidence was set forth showing that Williams gave $100,000 to Byrd to purchase narcotics and that Byrd provided drugs to Naseer.

■ The district court, having so concluded, relieved the government of its obligations under the plea agreement. Byrd contends this was error. "In general, plea agreements are subject to ordinary contract law principles, except that any ambiguity is resolved strictly against the government." *United States v. Cimino*, 381 F.3d 124, 127 (2d Cir.2004) (internal quotation marks omitted). When the defendant is the party in breach, the government is entitled to specific performance of the plea agreement or to be relieved of its obligations under it. *Id.* at 127–28. We conclude that the district court did not err in finding that Byrd breached the plea agreement and in relieving the government of its obligations thereunder.

■ The district court properly applied a preponderance of the evidence standard in determining whether or not Byrd breached the plea agreement. *See United States v. Alexander*, 901 F.2d 272, 273 (2d Cir.1990) (per curiam) (affirming district court's application of preponderance of the

evidence standard to determination of whether there was a breach of the plea agreement). Although *United States v. Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond reasonable doubt," 543 U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), it did not speak to nor, in our view, affect the appropriate standard of proof applicable to a finding that the defendant breached his plea agreement. Such a finding was before *Booker*, and remains after *Booker*, within the province of the sentencing judge subject to a preponderance of the evidence standard.

Because this appeal was pending on direct review when *Booker* was handed down, we exercise our discretion to not reach the specific sentencing challenges Byrd raises on appeal. In light of *Booker* and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), this case is remanded to the district court for further proceedings in conformity with *Crosby*. Any appeal taken from the district court's decision on remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b). A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby AFFIRMED in part and REMANDED in part.